BUSCHLEN v FORD MOTOR COMPANY (ON REMAND)

Docket No. 66128. Submitted August 12, 1982, at Lansing.—Decided November 3, 1982. Leave to appeal applied for.

Glenn Buschlen, for himself and as next friend of his minor son, Gary Buschlen, brought an action for damages against the Ford Motor Company. Gary Buschlen, for the use and benefit of Firemen's Fund American Insurance Companies, intervened as a party plaintiff. Ford had purchased machine dies and supplied them to Sebewaing Industries, Inc., which used them to make Ford parts. Gary Buschlen was employed by Sebewaing and lost a hand when a machine malfunctioned. The Huron Circuit Court, M. Richard Knoblock, J., awarded a judgment on a jury verdict in favor of plaintiffs, and Ford appealed to the Court of Appeals which affirmed the trial court. 107 Mich App 340 (1981). Ford then applied for leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *Fredericks v General Motors Corp,* 411 Mich 712 (1981). 414 Mich 872 (1982). On remand, Ford argued that the trial court erred in denying Ford's motion for a directed verdict of no cause of action on the basis that plaintiffs failed to introduce evidence that Ford knew or had reason to know of the negligent manner in which its dies would be used. Ford contended that its motion was reviewed by the lower court under an improper "knew or should have known" standard of care. Ford's second allegation of error involved the trial court's jury instruction regarding Ford's duty to inspect its die and repair or give warnings of foreseeable dangers. *Held:*

    1. The proper standard of care to apply in a negligent

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 57 Am Jur 2d, Negligence § 54 *et seq.*
[4] 63 Am Jur 2d, Products Liability § 65.
    Industrial presses. 8 ALR4th 70.
    Liability of manufacturer or seller for injury caused by industrial, business, or farm machinery, tool, equipment, or materials. 78 ALR2d 594.

entrustment action is the "knew or should have known" standard.

2. To prove negligent entrustment, plaintiffs must show either that defendant knew the entrustee was not to be entrusted or that defendant "had special knowledge of the entrustee which would put defendant on notice".

3. There is no evidence that Ford knew Sebewaing Industries was not to be entrusted with Ford's dies or that Ford in fact had special knowledge of peculiarities of Sebewaing which would have put Ford on notice that Sebewaing was likely to use the dies in an unsafe manner.

4. An entrustor must first have special notice of the peculiarities of the entrustee sufficient to put the entrustor on notice before the entrustor is under any further duty to ensure an entrusted chattel's safe use. Plaintiffs did not show that Ford in fact had any special notice of unsafe peculiarities of Sebewaing Industries and thus did not prove negligent entrustment.

5. The trial court's instruction pursuant to § 392 of the Restatement of Torts, 2d, regarding Ford's duty to inspect its die and repair or give warnings of foreseeable dangers did not contradict plaintiffs' negligent entrustment theory. There was no error in the trial court's instruction pursuant to § 392.

6. An unguarded, unlabeled die can be used in a reasonably safe manner in a guarded, labeled press, therefore, the die itself was not defective under § 392 of the Restatement of Torts, 2d, and the plaintiffs failed to prove a violation of § 392 by Ford.

The lower court's judgment is reversed.

1. NEGLIGENCE — NEGLIGENT ENTRUSTMENT.

The proper standard of care to be applied in a negligent entrustment action is the "knew or should have known" standard of care.

2. NEGLIGENCE — NEGLIGENT ENTRUSTMENT — KNOWLEDGE — EVIDENCE.

Peculiarities of an entrustee sufficient to put an entrustor on notice that the entrustee was likely to use an entrusted chattel in an unsafe manner must be demonstrated in a negligent entrustment action to prove the entrustor should have known the entrustee was likely to use the entrusted chattel in an unsafe manner; the plaintiff in such an action must show either that the entrustor knew the entrustee was not to be entrusted or that the entrustor had special knowledge of the entrustee which would put the entrustor on notice.

3. NEGLIGENCE — NEGLIGENT ENTRUSTMENT — SAFE USE — DUTY.

  An entrustor must first have special notice of the peculiarities of
  his entrustee sufficient to put the entrustor on notice before the
  entrustor is under any further duty to ensure an entrusted
  chattel's safe use.

4. PRODUCTS LIABILITY — DEFECTIVE PRODUCT — DIES.

  It cannot be held as a matter of law that a die owned and
  supplied by a defendant to a plaintiff's employer for use in a
  power press to make parts for the defendant was itself defective
  because it was unguarded and unlabeled since an unguarded,
  unlabeled die can be used in a reasonably safe manner in a
  guarded, labeled press.

*Philo, Atkinson, Darling, Steinberg, Harper &
Edwards* (by *Harry M. Philo* and *Richard L. Stein-
berg*), for plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *James N.
Martin* and *Paul R. Van Tol*), for defendant.

*Harvey, Kruse, Western & Mylan, P.C.* (by *John
A. Kruse* and *Michael F. Schmidt*), for Ford Motor
Company.

ON REMAND

Before: R. M. MAHER, P.J., and R. B. BURNS and
M. J. KELLY, JJ.

M. J. KELLY, J. We reconsider this case on re-
mand from the Supreme Court, in light of that
Court's holding in *Fredericks v General Motors
Corp,* 411 Mich 712; 311 NW2d 725 (1981).

Active Tool & Manufacturing Company de-
signed, constructed, and sold machine tooling dies
to Ford Motor Company. An affiliate of Active,
Sebewaing Industries, Inc., used the dies in a
power press to manufacture Ford automobile
parts. Plaintiff Gary Buschlen, an employee of
Sebewaing assigned to make the parts, lost his left
hand when the power press malfunctioned. Plain-
tiffs sued Ford for negligence and Ford sought
contribution from Active. Following trial by jury, a

verdict was returned for plaintiffs against Ford, along with a verdict for Ford for contribution against Active. Ford and Active appealed. Due to instructional error, this Court, in an unpublished opinion, reversed the verdict against Ford but affirmed as to Active's liability for contribution. Active was held to be liable for one-half of any award subsequently had by plaintiffs against Ford.

On retrial, a jury returned a verdict in favor of plaintiffs Gary Buschlen and Glenn Buschlen for $414,000. Ford appealed, raising four issues. We affirmed. *Buschlen v Ford Motor Co,* 107 Mich App 340; 310 NW2d 8 (1980), *vacated* 414 Mich 872; 322 NW2d 710 (1982). Subsequent to our decision, the Supreme Court decided *Fredericks, supra,* involving many issues and facts similar to those that arose in *Buschlen.* Following Ford's application for leave to appeal our *Buschlen* decision to the Supreme Court, that Court vacated our judgment and remanded the cause for reconsideration in light of *Fredericks. Buschlen v Ford Motor Co,* 414 Mich 872; 322 NW2d 710 (1982). We now reconsider Ford's arguments in light of the Supreme Court's *Fredericks* decision.

Ford argues first that the trial court erred in denying Ford's motion for a directed verdict of no cause of action on the basis that plaintiffs failed to introduce evidence that Ford knew or had reason to know of the negligent manner in which its dies would be used. Ford contends that its motion was reviewed by the lower court under an improper "knew or should have known" standard of care.

When we originally addressed this issue, we agreed with Ford that "reason to know" was the proper standard of care to apply in a negligent

entrustment action. We defined "reason to know" as "the actor has information from which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists, or that such person would govern his conduct upon the assumption that such fact exists". We defined "should have known" as imposing a higher standard of care on a defendant: "a person of reasonable prudence and intelligence or of the superior intelligence of the actor would ascertain the fact in question in the performance of his duty to another, or would govern his conduct upon the assumption that such fact exists". Nevertheless, we found sufficient record evidence to satisfy the "reason to know" standard.

Contrary to our *Buschlen* decision, the Supreme Court in *Fredericks* held that the "knew or should have known" standard was the proper standard of care to apply in a negligent entrustment action. The Court did not, however, define the "should have known" standard in the same manner as we defined either the "should have known" or "reason to know" standards in *Buschlen.* Rather, the Court held:

"To prove an entrustor should have known an entrustee was likely to use the entrusted chattel in an unsafe manner, peculiarities of the entrustee sufficient to put the entrustor on notice of that likelihood must be demonstrated." *Fredericks, supra,* p 719.

Thus, under *Fredericks,* to prove negligent entrustment, plaintiffs must show either that defendant knew the entrustee was not to be entrusted or that defendant "had special knowledge of [the entrustee] which would put defendant on notice". See *Fredericks, supra,* p 720.

Following remand, we have carefully examined the record in light of the *Fredericks* "should have known" standard of care. We have failed to find any evidence that Ford knew Sebewaing Industries was not to be entrusted with Ford's dies or that Ford in fact had special knowledge of peculiarities of Sebewaing Industries which would have put Ford on notice that Sebewaing Industries was likely to use the dies in an unsafe manner. Viewing the evidence in a light most favorable to plaintiffs we find that plaintiffs introduced evidence only that if Ford 'had inquired' about the operations of the press at Sebewaing, Ford should have discovered that the press was being run unsafely or that injuries had occurred at Sebewaing in the past. The Supreme Court's decision in *Fredericks,* however, did not recognize a duty on the part of an entrustor to inquire to ensure that an entrusted chattel is being used in a safe manner. Rather, the entrustor must first have special notice of the peculiarities of the entrustee sufficient to put the entrustor on notice before the entrustor is under any further duty to ensure an entrusted chattel's safe use. Plaintiffs in the instant case did not show that Ford in fact had any special notice of unsafe peculiarities of Sebewaing Industries. Thus, plaintiffs did not prove negligent entrustment.

Defendant's second allegation of error involves the trial court's jury instruction regarding Ford's duty to inspect its die and repair or give warnings of foreseeable dangers. The contested instruction followed the language provided at Restatement Torts, 2d, § 392, p 319:

"One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for

whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied

"(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or

"(b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it."

Defendant argues that this instruction, requiring adequate inspection and manufacture of the die, contradicts the more limited duty of care applicable to plaintiffs' negligent entrustment theory. We disagree. Unlike the theory of negligent entrustment, which focuses on the supply of the chattel to a probable negligent user, the instruction embodied in § 392 directed the jury's attention to the dangerous propensities of the die itself. Thus, we find no error in the trial court's instruction pursuant to § 392.

Plaintiffs' theory under § 392, however, was that Ford's die was defective because of the absence of guards that would have prevented the operator from placing his hands underneath the die and, alternatively, that the die was defective because no warning plate was attached to the die which would have alerted inexperienced operators never to place their hands in the space underneath the die. In *Fredericks,* the Supreme Court reasoned that, even though plaintiff's injury may well have resulted from the absence of guarding, the "accident might have been prevented by guarding on the press instead of the die". Thus, the Supreme Court affirmed a directed verdict against plaintiff's theory, noting that "[a]n unguarded die may be

used in a reasonably safe manner in a guarded press". *Fredericks, supra,* p 720.

Plaintiff's theory in the instant case is identical to that rejected by the Supreme Court in *Fredericks.* The *Fredericks* rationale is binding on this Court. Since an unguarded, unlabeled die can be used in a reasonably safe manner in a guarded, labeled press, the die itself was not defective under § 392. Thus, plaintiffs failed to prove a violation of § 392 by Ford.

Upon reconsideration in light of *Fredericks,* the lower court's judgment against Ford is reversed.