STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee, v. JENNIFER FER-MAHIN, Defendant–Appellant

NO. 15287

(CIV. NO. 90–2693)

SEPTEMBER 24, 1992

LUM, C.J., WAKATSUKI,* MOON, AND LEVINSON, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE HEEN, IN PLACE OF KLEIN, J., RECUSED

*Associate Justice Wakatsuki, who heard oral argument in this case, passed away on September 22, 1992. *See* HRS § 602–10 (1985).

## OPINION OF THE COURT BY MOON, J.

Defendant–appellant Jennifer Fermahin (Fermahin) appeals the trial court's order granting summary judgment in favor of plaintiff–appellee State Farm Mutual Automobile Insurance Company (State Farm). The trial court determined State Farm was not obligated to provide no–fault benefits to Fermahin because an exclusion in the policy precluded no–fault coverage for injuries sustained by an insured while occupying an uninsured vehicle owned by a co–insured. We affirm.

## I. FACTS

On February 15, 1990, Fermahin, a passenger in a 1984 Toyota pickup truck owned and operated by Michael Heiser (Heiser), was injured when uninsured motorist Shannon Pelekai

(Pelekai) rear–ended Heiser's truck. At the time of the accident, Fermahin and Heiser[1] were named insureds on a single automobile insurance policy issued by State Farm (the policy). However, the policy insured only Fermahin's 1987 Honda Accord LX. Heiser's truck had been insured by State Farm under a separate policy, but the policy had lapsed. At the time of the accident, Fermahin was unaware that Heiser's truck was uninsured.

After Fermahin learned that neither Heiser nor Pelekai had no–fault insurance, she filed an application for no–fault benefits with State Farm, which was denied. State Farm subsequently initiated this declaratory judgment action to determine the rights, duties, and obligations of the parties under the policy. State Farm moved for summary judgment on the basis that it was not obligated to provide no–fault benefits to Fermahin because an exclusion in the policy precluded coverage when an insured was injured while occupying an uninsured vehicle owned by the insured or a co–insured (owned vehicle exclusion). Fermahin opposed State Farm's summary judgment motion contending 1) the no–fault policy's coverage provisions and the owned vehicle exclusion were mutually inconsistent and created an ambiguous and misleading document; 2) State Farm misconstrued the owned vehicle exclusion, which had no application to a named insured injured in a co–insured's vehicle; and 3) even if the owned vehicle exclusion operated to bar recovery in this case, the exclusion was void as a matter of public policy under Hawaii's No–Fault Law, Hawaii Revised Statutes (HRS) Chapter 431:10C (1987 Spec. Pamphlet and 1991 Supp.).

At the summary judgment hearing, the trial court stated:

I think it's a clear and simple case. I think the exception applies. To me it's not contrary to the law and it's for this particular case. And otherwise you're going to run into a

---

[1] Heiser and Fermahin did not reside in the same household.

situation where the insured has the benefit of insurance on unlimited number of cars by paying the premium on one. I don't think that was the intention and the clear wording of the exception which prevent[s] that from happening and rightfully so. And I don't think that that's contrary to state law. In this case that's what she's trying to do. So I'm granting the motion.

An order granting summary judgment in favor of State Farm was issued and this timely appeal followed.

## II. DISCUSSION

When this court reviews a summary judgment proceeding, it employs the same standard as the trial court. *Gossinger v. Association of Apartment Owners of The Regency Ala Wai*, 73 Haw. 412, 417, 835 P.2d 627, 630 (1992); *Coll v. McCarthy*, 72 Haw. 20, 24, 804 P.2d 881, 884 (1991). The evidence is viewed in the light most favorable to the non–moving party. *Sharples v. State*, 71 Haw. 404, 405, 793 P.2d 175, 176 (1990). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party clearly demonstrates that he or she is entitled to judgment as a matter of law. Hawaii Rule of Civil Procedure 56(c); *Gossinger*, 73 Haw. at 417, 835 P.2d at 630; *Coll*, 72 Haw. at 24, 804 P.2d at 884–85.

### A. The Policy

The no–fault section of the policy provides:

We will pay the following benefits in accordance with the *No Fault Act* for *bodily injury* to an *insured*, caused by accident resulting from the ownership, operation, maintenance or use of a *motor vehicle* as a vehicle[.]

(Emphasis in original.) However, the owned vehicle exclusion states:

THERE IS NO COVERAGE FOR *BODILY INJURY*:
1. TO *YOU* OR ANY *RELATIVE* WHILE *OCCUPY-ING A MOTOR VEHICLE OWNED BY YOU* WHICH IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR.*

(Emphasis in original.) The policy defines "you" as "the named insured or named insureds shown on the declarations page." "Occupying" is defined as "in, on, entering or alighting from." "Motor vehicle" is any vehicle required to be registered under HRS chapter 286. "Your car" means "the car or the vehicle described on the declarations page." "Owned by" is defined as a person who "1. holds legal title to a motor vehicle; 2. has possession of a motor vehicle under a security agreement or lease with option to buy; or 3. has sold a motor vehicle, but the executed title has not yet been delivered to the buyer."

An insurance contract must be construed according to the entirety of its terms and conditions under the policy. HRS § 431:10–237 (1987 Spec. Pamphlet); *see also Smith v. New England Life Ins. Co.,* 72 Haw. 531, 534, 827 P.2d 635, 636 (1992). Because insurance contracts are contracts of adhesion, they must be construed liberally in favor of the insured and all ambiguities are resolved against the insurer. *Sturla, Inc. v. Fireman's Fund Ins. Co.,* 67 Haw. 203, 209, 684 P.2d 960, 964 (1984). However, this rule does not automatically apply whenever an insured and insurer disagree over the interpretation of the policy provisions and an assertion of ambiguity arises. *Id.* Furthermore, a complex provision and/or policy does not in itself create ambiguity. Ambiguity exists " 'only when the contract taken as a whole, is reasonably subject to differing interpretation.' " *Id.* (citations omitted); *see also Fortune v. Wong,* 68 Haw. 1, 10–11, 702 P.2d 299, 306 (1985). "A court must 'respect the plain terms of the policy and not

create ambiguity where none exists.' " *Smith*, 72 Haw. at 537, 827 P.2d at 638 (citation omitted).

When the appropriate definitions are applied to the language of the owned vehicle exclusion, it clearly states that no–fault coverage is not provided for the named insured or insureds who sustain bodily injury while occupying a motor vehicle owned by the named insured or insureds which is not a vehicle described on the declaration page of the policy or a newly acquired vehicle. Despite the clear language of the exclusion and her admission that Heiser's vehicle does not qualify under the policy definitions as "your car" or "a newly acquired car," Fermahin contends that the exclusion operates to bar recovery of no–fault benefits by an insured *only* if such insured is injured in a car owned by *that* insured. Fermahin, however, fails to take into account and apply the definition of "you" when construing the phrase "motor vehicle owned by you," which means any vehicle owned by either Fermahin or Heiser, the named insureds. The general definition section of the policy defining such words as "you" states that these are "defined words which are used in several parts of the policy." (Emphasis deleted.) Fermahin's reading of the policy totally disregards Heiser's status as a named insured under the policy.

The facts before us are not disputed. Fermahin and Heiser were named insureds under the single policy at issue. The only vehicle declared under the policy was Fermahin's 1987 Honda Accord. Heiser was the sole owner of the Toyota pickup truck, which was uninsured. At the time of the accident, Fermahin occupied Heiser's uninsured vehicle. When applying these facts to the plain meaning of the owned vehicle exclusion, Fermahin is clearly precluded from recovering no–fault benefits.

We therefore conclude that the owned vehicle exclusion unambiguously precludes Fermahin from receiving no–fault benefits. *See Hurtig v. Terminix Wood Treating & Contracting Co.*,

67 Haw. 480, 481, 692 P.2d 1153, 1154 (1984) (coverage exists unless a policy exclusion clearly provides otherwise).

## B. Public Policy Issue

We next address whether the owned vehicle exclusion, as a matter of law, violates public policy under Hawaii's No–Fault Law, HRS Chapter 431:10C.

Although Fermahin, in her opening and reply briefs submitted to this court, sought a broad ruling that all owned vehicle exclusions are violative of the Hawaii no–fault statute as a matter of public policy, counsel for Fermahin at oral argument narrowed the ruling initially sought from this court, stating:

> I am not trying to get this court to rule that owned vehicle exclusions are violative of public policy in every situation. Let's focus on the facts of this case. We have an insured who did not own this car and did not know that it was uninsured. That's our facts. Our facts are not that it was her owned car. Our facts are that it was Heiser's. So I don't want to, I don't want to ask for too broad of a policy ruling. All I want this court to observe is . . . the general purpose behind these statutes. . . . (Citation to case omitted.) Fermahin is not just insured when she's in her car. She's insured when she's in any other car. I don't want to take the position that you should strike down all owned vehicle exclusions involving relatives. . . . That the 1970's case that we're asking you to extend, the *Kau* case,[2] the *Kau* case involved an insured who was the owner of an uninsured vehicle. In other words, the more extreme circumstance. In other words, there was no

---

[2] Referring to *Kau v. State Farm Mut. Auto. Ins. Co.*, 58 Haw. 49, 564 P.2d 443 (1977).

Heiser in the *Kau* case. Still this court said it was violative of public policy. I don't want a ruling in no–fault as far as *Kau*. I just want this court to recognize that my client was insured, did not own a car that was uninsured, and did not know the car she was in, even though she knew he was on her policy, was uninsured.

Fermahin's concession that not all owned vehicle exclusions are violative of public policy under Hawaii's no–fault law is consistent with our recent ruling in *Methven–Abreu v. Hawaiian Insurance & Guaranty Co.*, 73 Haw. 385, 834 P.2d 279 (1992) [hereinafter *Abreu*]. In *Abreu*, we held that the exclusion contained in Abreu's husband's automobile policy, which precluded no–fault benefits to an insured family member who was injured while a passenger in *her own uninsured vehicle*,[3] was consistent with the language and legislative intent of Hawaii's no–fault law.

Although *Abreu* involved the predecessor no–fault statute, HRS Chapter 294,[4] the relevant sections of the statute in *Abreu* are virtually identical to those sections which are pertinent to this case. The Hawaii no–fault law provides that an insured injured in an automobile accident in Hawaii arising "out of the operation, maintenance, or use of a motor vehicle, has a right to no–fault

---

[3] The exclusion at issue in *Abreu* provided in pertinent part:
> We do not provide No–Fault Benefits:
> . . . .
> 2. for *accidental harm* sustained by any *relative* while *occupying a motor vehicle* which is *owned by* such *relative* and for which the security required by the Hawaii No–Fault Law is not in effect.

(Emphasis in original).

*Abreu*, 73 Haw. at 390, 834 P.2d at 282–83.

[4] Chapter 294 was repealed in 1987 and recodified in Chapter 431:10C. Recodification became effective on July 1, 1988. Act 347, § 1, 1987 Haw. Sess. Laws 1.

benefits." HRS § 431:10C–303(a) (1987 Spec. Pamphlet).[5] However, we noted in *Abreu* that "[t]his right . . . is not absolute. An insurer's obligation to pay no–fault benefits under HRS § 294–4[6] is qualified by HRS § 294–5(c), which provides in pertinent part that '[n]o payment of no–fault benefits may be made to the occupants of a motor vehicle other than the insured motor vehicle.' " *Abreu*, 73 Haw. at 391–92, 834 P.2d at 283 (footnote in original). Likewise, HRS § 431:10C–305(d)(1) (1987 Spec. Pamplet) provides in relevant part:

> (d) The following persons are not eligible to receive payment of no–fault benefits:
>
> (1) Occupants of a motor vehicle other than the insured motor vehicle;
>
> . . . .
>
> Provided, that this subsection does not preclude recovery in other capacities under a no–fault policy covering a

---

[5] HRS § 431:10C–303(a) and its predecessor, § 294–3(a), provide that "[i]f the accident causing accidental harm occurs in this State, every person insured under this article, and such person's survivors, suffering loss from accidental harm arising out of the operation, maintenance, or use of a motor vehicle, has a right to no–fault benefits."

[6] HRS § 294–4 (1985) provides in pertinent part as follows:

**Obligation to pay no–fault benefits.** Every no–fault and self–insurer shall provide no–fault benefits for accidental harm as follows:

(1) *Except as otherwise provided in section 294–5(c)*:

(A) In the case of injury arising out of a motor vehicle accident to any person, including the owner, operator, occupant, or user of the insured motor vehicle, or any pedestrian (including a bicyclist) . . . who sustains accidental harm as a result of the operation, maintenance, or use of the vehicle, the insurer shall pay, without regard to fault, to the person an amount equal to the no–fault benefits payable to the person as a result of the injury[.]

(Emphasis added.)

vehicle which the person did not occupy at the time of the accident.[7]

In *Abreu*, we determined that the clear and unambiguous language of HRS § 294–5(c) (recodified under HRS § 431:10C–305(d)(1)) permitted the insurer to preclude no–fault benefits in accord with the insurance policy's exclusion. We explained that to hold otherwise would 1) render HRS § 294–5(c) "superfluous, void or insignificant," *Abreu*, 73 Haw. at 393, 834 P.2d at 284; 2) "create little incentive for multi–vehicle households to insure each of their vehicles if an insurance policy on one vehicle would provide no–fault benefits to them if they were injured while occupying any of their other uninsured vehicles[,]" *id.* at 393, 834 P.2d at 284; and 3) "frustrate one of the legislature's original and continuing objectives, that is, to reduce motor vehicle insurance costs to the public," *id.* at 393–94, 834 P.2d at 284 (footnote omitted), because insurance companies would undoubtedly raise their premiums if faced with such broad and unidentified risks.

Fermahin's argument that the owned vehicle exclusion is violative of public policy as to her because she was insured under the policy and did not own Heiser's vehicle is without merit. HRS § 431:10C–305(d), like its predecessor, HRS § 294–5(c), operates as a vehicle exclusion. State Farm's use of the terms "owned by you" in the policy's owned vehicle exclusion means that, if Fermahin or Heiser were to receive bodily injury while occupying an uninsured motor vehicle *owned by either of them*, they would be precluded from recovering no–fault benefits. On the other hand, if Fermahin or Heiser were to sustain injuries while occupying a vehicle *owned by a stranger to the policy*, that is, a third party not insured under the policy, the exclusion would be inapplicable;

---

[7] This proviso section was added at the time Chapter 294 was repealed and recodified in HRS Chapter 431:10C.

under the terms of the policy, they would qualify for no–fault coverage, provided no other policy exclusions applied.[8] By affording no–fault coverage to Fermahin for injuries she might sustain while occupying a stranger's uninsured vehicle, State Farm actually provided greater coverage than required by the Hawaii no–fault statute. *See* HRS § 431:10C–120(a) (1987 Spec. Pamphlet) ("[n]o insurer shall issue or offer to issue any policy which the insurer represents is a no–fault policy unless such insurer meets the requirements of this article").

Fermahin also contends that her lack of knowledge that Heiser's vehicle was uninsured is a significant distinction which should allow coverage under the policy. Such a contention is untenable. We agree with the well–settled principle that "[w]here two persons enter into a joint transaction for the benefit of both, notice of a fact to one of them is also notice to both so far as that transaction is concerned." 58 AM. JUR. 2D *Notice* § 4, at 573–74 (1989) (footnote omitted). Here, Fermahin and Heiser jointly contracted with State Farm for automobile insurance under a single policy and elected to declare only Fermahin's Honda Accord. We emphasize that Heiser was not a "stranger" to the policy; he was Fermahin's named co–insured. Consequently, Heiser's knowledge of the status of his uninsured vehicle is imputed to Fermahin. *See generally Kapahua v. Hawaiian Ins. and Guar. Co.*, 50 Haw. 644, 447 P.2d 669 (1968) (an insured is charged with knowledge of the expiration date of his or her auto insurance policy).[9] There-

---

[8] In accordance with this hypothetical, we perceive a true distinction between a co–insured and a stranger. A stranger's uninsured vehicle would not qualify as an "owned vehicle" under the policy, and thus the owned vehicle exclusion would not apply. Moreover, a stranger could not be a co–insured under the policy.

[9] In *Kapahua*, "[t]he sole question . . . [was] whether an insurance company or its agent [was] negligent toward an insured when neither it nor its agent [gave] the insured notice of the expiration of her automobile insurance policy," *Kapahua*, 50

fore, we hold that Fermahin's lack of actual knowledge that Heiser's vehicle was uninsured is immaterial to her right to recover no–fault benefits. We further hold that it was Fermahin's duty, for her own benefit, to ascertain the status of insurance coverage on her co–insured's vehicle, as if it were her own vehicle.

We adopt the trial judge's analysis that the application of the exclusion under the circumstances of this case is consistent with the public policy of Hawaii's no–fault law, that is, to prevent the insured from having "the benefit of insurance on [an] unlimited number of cars by paying the premium on one." Insurers are entitled to be fairly compensated for risks they contract to assume and " 'have the same rights as individuals to limit their liability, and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy.' " *First Insurance Co. of Hawaii, Inc. v. State*, 66 Haw. 413, 423, 665 P.2d 648, 655 (1983) (quoting 6B J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4255, at 40 (Buckley 1979)) (other citations omitted).

Furthermore, we reject Fermahin's position that the proviso section of HRS § 431:10C–305(d)[10] "squarely encompasses the accident victim in this case, whose 1987 Honda Accord LX Policy complied with the No–Fault Law and provided coverage for 'a vehicle which the person did not occupy at the time of the accident,' the 1987 Honda Accord LX." (Footnote omitted.) There is no dispute that Fermahin had a valid no–fault policy insuring her

---

Haw. at 644, 447 P.2d at 669, and failed to automatically renew it upon expiration. This court held that because an insured is charged with knowledge of the stated expiration date, neither the insurer nor its agent has a legal duty to give notice of such expiration or to automatically renew the policy.

[10] The proviso section of HRS § 431:10C–305(d) states, "[p]rovided, that this subsection does not preclude recovery in other capacities under a no–fault policy covering a vehicle which the person did not occupy at the time of the accident."

Honda Accord at the time of the accident. However, we cannot accept her interpretation of the proviso. If Heiser had been a stranger to the policy in issue, instead of a named co–insured, there would be no question that Fermahin would be entitled to no–fault coverage in her "capacity" as the sole insured under her no–fault policy. But under the circumstances of this case, Fermahin is precluded from recovering no–fault benefits by the clear and unambiguous terms of the policy's owned vehicle exclusion.

Finally, in attempting to convince us that the exclusion at issue should be rendered void as against public policy, Fermahin analogizes the present case to our rejection of an owned vehicle exclusion in *Kau v. State Farm Mutual Automoble Insurance Co.*, 58 Haw. 49, 564 P.2d 443 (1977). *Kau* dealt with an exclusion in an uninsured motorist policy, and

> [w]e determined that the owned vehicle exclusion [in *Kau*] denied the plaintiff full protection of the uninsured motorist statute. We also determined that "[a] literal reading of the [uninsured motorist] statute leaves no room for the exclusion which appellant attempted to write into its policy[,]" and concluded that the exclusion was void because it was repugnant to the [uninsured motorist] statute.

*Abreu*, 73 Haw. at 396, 834 P.2d at 285 (citation omitted). However, we are dealing with the no–fault statute in this case, HRS § 431:10C–305(d), which operates as a vehicle exclusion as did its predecessor, HRS § 294–5(c). *See Abreu, supra.* Therefore, under the circumstances of this particular case, we decline to extend *Kau.*

Based on the foregoing, we conclude that the owned vehicle exclusion contained in the policy is valid because it is consistent with HRS § 431:10C–305(d) and the legislative intent of Hawaii's no–fault law.

## IV. CONCLUSION

Accordingly, we affirm the trial court's order granting summary judgment in favor of State Farm.

*Peter Van Name Esser* (*Willard J. Peterson* of Peterson & Esser; and *Melvin Y. Agena* and *Zale T. Okazaki* of Turk & Agena with him on the briefs) for defendant–appellant Jennifer Fermahin.

*John Y. Yamano* (*William C. McCorriston* with him on the brief of McCorriston, Miho & Miller) for plaintiff–appellee State Farm Mutual Automobile Insurance Company.