Michael E. KANESHIRO and The Hawaiian Insurance and Guaranty Company, Ltd., Plaintiffs,

v.

ALAMO RENT–A–CAR, INC., Continental Insurance Company and Does 1–100, Defendants.

Civ. No. 95–00676 DAE.

United States District Court, D. Hawai'i.

Jan. 3, 1996.

Keith K. Hiraoka, Roeca Louie & Hiraoka, Honolulu, HI, for Michael E. Kaneshiro, Hawaiian Insurance and Guaranty Company, Ltd.

Judy Y. Chung, Burke Sakai McPheeters & Bordner, Honolulu, HI, for Alamo Rent–A–Car, Inc.

Steven Y. Otaguro, Lyons Brandt Cook & Hiramatsu, Judy Y. Chung, Burke Sakai McPheeters & Bordner, Honolulu, HI, for Continental Insurance Company.

*AMENDED ORDER DENYING PLAIN-TIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS' COUN-TER–MOTION FOR SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

The court heard Plaintiffs' Motion for Partial Summary Judgment and Defendants'

Counter–Motion for Summary Judgment on November 13, 1995. Keith Hiraoka, Esq., appeared on the briefs or at the hearing on behalf of Plaintiffs Michael Kaneshiro ("Kaneshiro") and The Hawaiian Insurance & Guaranty Company, Ltd. ("HIG") (collectively "Plaintiffs"); Wayne Sakai, Esq., and Judy Chung, Esq., appeared on the briefs or at the hearing on behalf of Defendants Alamo Rent–A–Car ("Alamo") and Continental Insurance Company ("Continental") (collectively "Defendants"). After reviewing the motions and the supporting and opposing memoranda, the court DENIES Plaintiffs' Motion for Partial Summary Judgment and GRANTS Defendants' Counter–Motion for Summary Judgment on the contractual indemnification and duty to defend issues raised in Plaintiffs' Complaint.

## BACKGROUND

Kaneshiro rented a 1993 Ford Aerostar from Alamo on July 19, 1993, and executed the standard rental agreement. The rental agreement provided:

> IF THERE IS NO OTHER VALID AND COLLECTIBLE INSURANCE, WHETHER PRIMARY, EXCESS OR CONTINGENT, AVAILABLE TO THE RENTER OR ANY AUTHORIZED DRIVER WHILE OPERATING THE CAR, THEN ALAMO'S VEHICLE LIABILITY POLICY SHALL PAY DAMAGES NOT TO EXCEED MINIMUM LIMITS REQUIRED BY APPLICABLE STATE LAW. THIS AMENDS THE "LIABILITY INSURANCE" PARAGRAPH ON THE REVERSE SIDE: ALL OTHER TERMS NOT IN CONFLICT WITH ABOVE REMAIN IN EFFECT.[1]

See Affidavit of Michael E. Kaneshiro, Exhibit 1 (emphasis in the original). At the time of rental, Kaneshiro had a personal automobile insurance policy from HIG; Alamo was covered under a business auto insurance policy issued by Continental.

While Kaneshiro was driving the Aerostar, he was involved in an accident with a car driven by Celia Espinoza on the Kuhio Highway in Kauai. Espinoza and her husband filed a personal injury suit against Kaneshiro in the Fifth Circuit Court. See Espinoza v. Kaneshiro, Civ. No. 94–0398 ("Espinoza case"). Defendants refused to defend Kaneshiro and denied any obligation to indemnify him for his potential liability under that lawsuit. In their motion for partial summary judgment filed on September 13, 1995, Plaintiffs request an entry of judgment declaring that Continental has a duty to defend Kaneshiro in the Espinoza case. On October 26, 1995, Defendants filed a counter-motion for summary judgment.

## STANDARD OF REVIEW

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). In a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *State Farm Fire & Casualty Co. v. Martin,* 872 F.2d 319, 320 (9th Cir.1989).

■ Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *T.W. Elec. Serv., Inc.,* 809 F.2d at 630; Fed. R.Civ.P. 56(e). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Intel Corp. v. Hartford Accident & Indemnity Co.,* 952 F.2d 1551, 1558 (9th Cir.1991). The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *T.W. Elec. Serv., Inc.,* 809 F.2d at 630; *Blue Ocean Preservation Soc. v. Watkins,*

1. This clause will be referred to herein as the "liability shifting provision."

754 F.Supp. 1450, 1455 (D.Haw.1991); Fed. R.Civ.P. 56(e). If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186–87, 111 L.Ed.2d 695 (1990); *T.W. Elec. Serv., Inc.,* 809 F.2d at 630; Fed.R.Civ.P. 56(e). There is no genuine issue of fact if the opposing party fails to offer evidence sufficient to establish the existence of an element essential to that party's case. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir.1994); *Blue Ocean,* 754 F.Supp. at 1455.

■ In considering a motion for summary judgment, "the court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc.,* 809 F.2d at 631 (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Inferences must be drawn in favor of the nonmoving party. *T.W. Elec. Serv., Inc.,* 809 F.2d at 631. However, when the opposing party offers no direct evidence of a material fact, inferences may be drawn only if they are reasonable in light of the other undisputed background or contextual facts and if they are permissible under the governing substantive law. *Id.* at 631–32. If the factual context makes the opposing party's claim implausible, that party must come forward with more persuasive evidence than otherwise necessary to show there is a genuine issue for trial. *Bator v. State of Hawaii,* 39 F.3d 1021, 1026 (9th Cir.1994) (citing *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988)).

---

2. The Continental Policy defines "insureds" as "[a]nyone else while using with your permission a covered 'auto' you own." *See* Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment, at 3.

## DISCUSSION

### A. The Contract

■ Hawaii state and federal courts have long recognized that "[an insurer's] obligation to defend ... is broader than the duty to pay claims and arises whenever there is the mere potential for coverage." *Commerce & Indus. Ins. Co. v. Bank of Hawaii,* 73 Haw. 322, 325, 832 P.2d 733 (1992). In other words, the duty to defend "rests primarily on the possibility that coverage exists. This possibility may be remote, but if it exists[,] the [insurer] owes the insured a defense." *Standard Oil Co. of California v. Hawaiian Ins. & Guar. Co., Ltd.,* 65 Haw. 521, 527, 654 P.2d 1345 (1982) (citations omitted). The insurer's duty to defend its insured is contractual and the language of the policy determines the scope of insurer's duty.... *Commerce & Indus. Ins. Co.,* 73 Haw. at 325, 832 P.2d 733. "All doubts are resolved against the insurer and in favor of the insured[.]" *Trizec Properties, Inc. v. Biltmore Constr. Co.,* 767 F.2d 810, 812 (11th Cir.1985) (citing 7C Appleman, Insurance Law & Practice, 99–100 (Berdal ed. 1979)). *Sentinel Ins. Co. v. First Ins. Co. of Hawai'i,* 76 Hawai'i 277, 287, 875 P.2d 894 (1994).

Plaintiffs argue that Continental has a duty to defend and indemnify Kaneshiro because the underlying case falls within the coverage of the insurance policy. Plaintiffs contend that Kaneshiro qualifies as an "insured" under the Continental Policy[2] and is therefore entitled to defense and indemnification.

■ In response, Defendants argue that Continental's policy is not the only document which determines the rights of the parties in this action. Defendants maintain that the rental agreement trumps any claim brought under Continental's policy because the rental agreement was freely and voluntarily executed by the parties and is therefore a valid contract establishing the priority of insurance coverage.[3] Defendants claim

---

3. The rights of parties to contract so long as they do not contravene public policy is well-established under contract law. 17A Am.Jur.2d Contracts § 238 (1991). Those rights also extend to insurers. "Insurers are entitled to be fairly com-

that in signing the rental agreement, Kaneshiro agreed that his personal insurance carrier would provide primary coverage. The court agrees.

Plaintiffs' reliance on "duty to defend" cases is misplaced. Plaintiffs rely heavily on the holding of *Sentinel Ins. Co.*, 76 Hawai'i 277, 875 P.2d 894 (1994) for the proposition that the insurer had a duty to defend irrespective of the ultimate resolution. However, *Sentinel Ins. Co.* does not apply to the facts here because an insurer's duty to defend is contractual in nature and Kaneshiro does not have a contractual relationship with Continental.[4] It appears that Plaintiffs would have the court disregard the rental agreement and interpret Continental's duty to defend as if (a) no rental contract existed and (b) Kaneshiro had a direct contractual relationship with Continental. This contradicts established contract law. *See* Restatement (Second) of Contracts, note introducing chapter 8 (1979) ("The principle of freedom of contract is itself rooted in the notion that it is in the public interest to recognize that individuals have broad powers to order their own affairs by making legally enforceable promises.").

In this case, the record indicates that Kaneshiro had the option to purchase additional coverage, but declined. The court also notes that Kaneshiro elected a "Waiver Saver" option at the time of rental, which shifted primary liability for insurance coverage to his personal insurance carrier. Plaintiffs make no allegations of fraud or duress that would invalidate the rental contract in this case.[5] There is no evidence in the record that Kaneshiro was unduly compelled to waive additional liability coverage, or to sign the rental agreement. Here, the facts presented indicate that Kaneshiro freely and voluntarily signed the rental agreement contract.

Plaintiffs also make the collateral argument that the rental agreement is a contract of adhesion. Plaintiffs contend that the rental agreement itself has conflicting provisions which should be construed in favor of Kaneshiro. *See Sturla, Inc. v. Fireman's Fund Ins. Co.*, 67 Haw. 203, 209, 684 P.2d 960 (1984). In particular, Plaintiffs point to the "Liability Insurance" provision on the reverse side of the rental agreement which states that the rentee is responsible for insurance amounts over the minimum.[6] While the liability insurance provision may appear at first glance to be in conflict with the liability shifting provision, the record indicates that the former is clearly amended by the latter. The liability shifting provision states, *"This amends the liability insurance paragraph on the reverse side. All other terms not in conflict with the above remain in effect." See* Plaintiffs' Reply Memorandum in Support of Plaintiffs' Summary Judgment and Memorandum in Opposition to Defendants' Counter–Motion for Summary Judgment, at 2 (emphasis added). The language of the liability shifting provision is clear and unambiguous. There is no ambiguity in this agreement to be construed in favor of Plaintiffs. Moreover, the liability shifting provision, which governs rentee liability under the rental agreement, is on the front side of the contract and is prominently displayed in capital letters directly above the rentee's signature line.

---

pensated for risks they contract to assume and "have the same rights as individuals to limit their liability, and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy." *State Farm Mut. Auto. Ins. Co. v. Fermahin*, 73 Haw. 552, 563, 836 P.2d 1074 (1992).

4. There were two contracts: (a) an insurance policy between Alamo and Continental, and (b) the rental agreement between Kaneshiro and Alamo. There is no contractual link, however, between Kaneshiro and Continental that would entitle Kaneshiro to contractual benefits under the Continental policy.

5. Plaintiffs do allege, however, that the contract is void and unenforceable as a matter of public policy. This argument is addressed in Part B.

6. The Liability Insurance clause states, "You provide me with insurance or protection that will cover bodily injury, death or property damage only up to the minimum financial responsibility required by state law. I agree that any amounts over this minimum shall be covered by me or my liability policy." *See* Plaintiffs' Reply Memorandum in Support of Plaintiffs' Summary Judgment and Memorandum in Opposition to Defendants' Counter–Motion for Summary Judgment, at 1–2.

Overall, the court reads the terms of the rental agreement as expressly limiting Alamo's liability in this case. The rental agreement clearly establishes that Alamo's liability is subordinate to other insurance policies available to rentee.[7] Plaintiffs correctly point out that under the rental agreement, Continental would be obligated to defend Kaneshiro in the underlying lawsuit if Kaneshiro did not have any insurance. Under the rental agreement, however, the fact that Kaneshiro had private insurance with HIG triggered the liability shifting provision and released Continental from responsibility[8] in this case.

## B. Hawaii's no-fault policy

Plaintiffs' additionally argue that the rental agreement is void and unenforceable as a matter of public policy. Plaintiffs contend that the rental agreement is inconsistent with Hawaii Revised Statutes Annotated §§ 431:10C–104(b) and 431:10–220 (Insurance Code).

### 1. *Haw.Rev.Stat.Ann. § 431:10C–104(b)*

*Haw.Rev.Stat.Ann. § 431:10C–104(b)* states:

> Every owner of a motor vehicle used or operated at any time upon any public street, road or highway of this State shall obtain a no-fault policy upon such vehicle which provides the coverage required by this article and shall maintain the no-fault policy at all times for the entire motor vehicle registration.

Pursuant to Hawaii law, every vehicle driven on the road must be insured. The Hawaii no-fault law was enacted to "[c]reate a system of reparations for accidental harm and loss arising from motor vehicle accidents." Haw.Rev.Stat.Ann. § 431:10C–102; *United States v. Allstate Ins. Co.*, 69 Haw. 290, 296, 740 P.2d 550 (1987); *Crawford v. Crawford*, 69 Haw. 410, 745 P.2d 285 (1987). It was the legislature's objective to make universally available "a basic, comprehensive, equitable, and reasonably priced automobile insurance policy." *Pacific Int'l Serv. Corp. v. Hurip*, 76 Hawai'i 209, 217, 873 P.2d 88 (1994) (citation omitted). In essence, it was contemplated that under the no-fault policy, "every car on the road would have the basic minimal no-fault coverage." *Id.*

When the terms of an insurance contract are in conflict with statutory language, the statute must take precedence over the terms of the contract. *Sol v. AIG Hawai'i Ins. Co.*, 76 Hawai'i 304, 307, 875 P.2d 921 (1994); *Columbia Casualty Co. v. Hoohuli*, 50 Haw. 212, 214–15, 437 P.2d 99 (1968). Provisions not contradictory or inimical, however, to the Hawaii no-fault insurance laws are not summarily preempted. "The legislature did not intend, expressly, or impliedly, to fully occupy the field of motor vehicle liability insurance through the enactment of the Hawai'i No–Fault Law." *Hurip*, 76 Hawai'i at 218, 873 P.2d 88. Since the no-fault law is not all encompassing, some exclusions that are consistent with the public policy may be upheld. *State Farm Mut. Auto. Ins. Co. v. Fermahin*, 73 Haw. 552, 562, 836 P.2d 1074 (1992).

Plaintiffs argue that the rental agreement is void in so far as it attempts to limit the liability coverage available to Kaneshiro under the Continental Policy to less than the minimum required by law. The

---

7. The contract expressly stated that Alamo's vehicle liability policy shall pay damages *"[i]f* there is no other valid and collectible insurance, whether primary, excess, or contingent, available to the renter ..." *See* Affidavit of Michael E. Kaneshiro, Exhibit 1 (emphasis added).

8. Under the rental agreement, Alamo's vehicle liability policy does not cover damages exceeding the minimum limits required by applicable state law. Here, Kaneshiro has private insurance with HIG. Kaneshiro's insurance with HIG meets the minimum standards required by Hawaii's no-fault insurance policy. *See* Plaintiffs' Concise Statement, Exhibit F. By logical exten-

sion, Alamo and Continental are released from liability since they would not be liable for any damages beyond that of HIG's coverage.

Defendants note that even if the Continental policy is implicated here, that policy incorporates the Alamo rental agreement. Endorsement 7A of the policy provides that the renter's personal liability policy "will be primary *as per the rental or lease agreement."* *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment, at 16 (emphasis added). The court finds that even under this policy, Kaneshiro's personal insurance policy with HIG is charged with primary liability.

court disagrees with Plaintiffs' interpretation of the no-fault statute. The Hawaii no-fault statute was designed to ensure minimum coverage on each vehicle. It is silent, however, about which of two insurers is responsible in a potential double coverage situation.

In Michigan, also a no-fault insurance state, a state appellate court upheld a rental agreement, similar to the one at issue here, in which the renter's insurer was responsible for primary coverage. *See Enterprise Leasing Co. v. Sako,* 207 Mich.App. 422, 424, 526 N.W.2d 21 (1994); *see also State Farm Mutual Automobile Ins. Co. v. Snappy Car Rental,* 196 Mich.App. 143, 150, 492 N.W.2d 500 (1992). The court held that the provision in the rental agreement allowing the renter to determine the source of primary no-fault insurance for the rental car was not void as being violative of the no-fault act. *Sako,* 207 Mich.App. at 424, 526 N.W.2d 21.

In *Sako,* the rental car agency offered Sako the option of purchasing additional no-fault insurance coverage by the rental car company or agreeing that the no-fault coverage for the rental car would be provided by the renter's existing no-fault insurer.[9] The court upheld the provision because it did not avoid coverage; rather, it established the priority of coverage for the injured party. *Id.* at 426, 526 N.W.2d 21.

Similarly, in *Snappy Car Rental, supra,* the Michigan Court of Appeals rejected the argument that the rental agreement provision was an exclusion that violated the no-fault act. *Snappy Car Rental,* 196 Mich. App. at 149, 492 N.W.2d 500. That court stated:

"We read the clause in defendant's policy not as an attempt to limit the residual liability insurance or first-party benefits, because defendant is obligated to provide coverage consistent with the no-fault act ... Rather, we read the clause only as an attempt to establish the priority of coverage as contracted for by [Plaintiff]."
*Id.* at 150, 492 N.W.2d 500.

*Sako* and *Snappy Car Rental* are persuasive here. The rental agreement between Alamo and Kaneshiro does not limit coverage below the minimum standards set by Hawaii's no-fault law as suggested by Plaintiffs. To the contrary, the requirements may technically be met by both HIG and Continental. In shifting primary liability to HIG, the rental agreement does not bypass the minimum statutory requirements. There is no question from the record that the car has basic insurance coverage; the only question is which insurer is primarily liable. Thus, in reviewing the evidence presented, the court finds that the rental agreement satisfies the purpose and intent of Hawaii's no-fault statute. Accordingly, the court finds that under Haw.Rev.Stat.Ann. 431:10C–104(b), the parties may properly contract as to the primacy of coverage as long as the statutory minimum requirements are met. Since the statutory minimum requirements are met in this case, the court concludes that, as a matter of law, the rental agreement between Alamo and Kaneshiro is valid and enforceable.

*2. Haw.Rev.Stat.Ann. § 431:10–220*

█ Haw.Rev.Stat.Ann. § 431:10–220 states that "no agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy." This provision protects the consumer against fraudulent and aggressive tactics by requiring that both parties be held to strict contractual duties. *See Kapahua v. Hawaiian Ins. & Guar. Co.,* 50 Haw. 644, 447 P.2d 669 (1968).

Plaintiffs contend that the rental agreement is void under Haw.Rev.Stat.Ann. § 431:10–220 because the provision restricting insurance coverage available to Kaneshiro was not endorsed onto Continental's Policy. Defendants disagree, pointing to Endorsement 7A which expressly incorporates the liability shifting provision of the rental agreement into the Continental policy.[10] The

---

**9.** Sako chose the second option which was incorporated into the rental agreement.

**10.** Endorsement 7A is made a part of the Continental Policy via Endorsement Schedule A4. Endorsement 7A states:

A. Liability coverage and any required no-fault insurance provided by the policy for a covered "auto" that is a "leased auto" applies subject to the following provisions:

1. a. The lessee or rentee has furnished to you [Alamo] an appropriate form indicating

court finds Endorsement 7A sufficiently complies with Haw.Rev.Stat.Ann. § 431:10–220. Endorsement 7A is clear and unambiguous; it demonstrates that Continental incorporated similar liability shifting language in both its rental agreement and its policy. A plain reading of Endorsement 7A shows that under Continental's policy, Kaneshiro's personal insurance policy must provide primary coverage in this case. Since the rental agreement is consistent with Endorsement 7A of the policy, it cannot properly be characterized as an extension or modification of the insurance policy. Hence, the rental agreement does not violate Haw.Rev.Stat. Ann. § 431:10–220.

In sum, the court finds no basis in the record to void the rental agreement on public policy grounds. Hawaii's public policy favors both basic minimum coverage for all vehicles and full disclosure of limitations of liability in the policy itself. The rental agreement does not conflict with either of these policies. The court therefore upholds the validity of the rental agreement and finds that under both the rental agreement and Continental's policy, HIG is primarily liable for insurance coverage. Since the evidence indicates that Kaneshiro's coverage under HIG meets the statutory minimum requirements, it follows that Continental does not have a duty to defend and indemnify Kaneshiro in this case. Accordingly, the court GRANTS summary judgment in favor of the Defendants.

*CONCLUSION*

For the reasons stated above, the court DENIES Plaintiffs' Motion for Partial Summary Judgment and GRANTS Defendants' Counter–Motion for Summary Judgment on the contractual issues presented. Still pending, however, is Plaintiffs' claim against Ala-

> that the *lessee's or rentee's personal or commercial liability insurance policy will be primary as per the rental or lease agreement.* (emphasis added).

11. The court rejects Defendants' contention that they moved for and are entitled to summary judgment on all counts. Pursuant to Local Rule 220–9, the court construes Defendants' Counter–Motion for Summary Judgment as a motion for judgment as a matter of law on the same subject matter of Plaintiff's original motion.

mo for negligent misrepresentation as alleged in Count II of the Complaint. This is a separate tort claim, which was not raised on summary judgment.[11]

IT IS SO ORDERED.

Moreover, the record indicates that in their counter-motion for summary judgment, Defendants did not allege or demonstrate an absence of genuine issues of material fact on the misrepresentation claim alleged in Count II of the Complaint. The court finds that Defendants fail to satisfy their initial burden, and therefore, are not entitled to summary judgment on Count II. *See Runyon v. Fasi,* 762 F.Supp. 280, 282 (D.Haw. 1991); *Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 902 (9th Cir.1983).