137 F.3d 634
 98 Cal. Daily Op. Serv. 1315, 98 Daily Journal
D.A.R. 1819
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
ALAMO RENT-A-CAR, INC., Defendant-Appellee.
Michael E. KANESHIRO; Hawaiian Insurance and Guaranty
Company, Ltd., Plaintiffs-Appellants,
v.
ALAMO RENT-A-CAR, INC.; Continental Insurance Company,
Defendants-Appellees.
 Nos. 96-15506, 96-15655.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1997.*
Submission Withdrawn May 16, 1997.
Resubmitted Jan. 21, 1998.
Decided Feb. 24, 1998.
 
 Appeals from the United States District Court for the District of Hawaii; Helen Gillmor and David A. Ezra, District Judges, Presiding. D.C. Nos. CV 95-0049 HGD.C., CV 95-0676 DAE.
 Before: HALL, TROTT** and TASHIMA, Circuit Judges.
 
 ORDER
 
 1
 The primary issue involved in these diversity cases is the validity of Alamo Rent-A-Car's "Shifting Clause," which shifts primary responsibility for liability insurance coverage from itself, and its insurer, to the automobile renter, and his or her insurer. Because this is an unresolved question of state law, we certify it to the Hawaii Supreme Court for its consideration.
 
 BACKGROUND
 No. 96-15506
 
 2
 Keith R. Douglas rented a car from Alamo and was involved in an accident in which several of his passengers and the driver of the other car were allegedly injured. They made claims against Douglas. Alamo denied liability coverage, relying on the Shifting Clause contained in its rental agreement, which provides:
 
 
 3
 Unless contrary to state law or otherwise provided by this agreement, if there is no other valid and collectible insurance, whether primary, excess or contingent, available to the renter (or any authorized driver while operating the car) sufficient to meet minimum financial responsibility law requirements, then ... Alamo shall provide protection against liability for bodily injury, death or property damage to others up to the minimum financial responsibility limits required by applicable law....
 
 
 4
 Alamo contends that the Shifting Clause shifts the primary duty to defend and to indemnify Douglas for any accident-related injuries from Alamo to Allstate, Douglas' personal insurance carrier. Allstate contends that the Shifting Clause is invalid under Hawaii's No-Fault Law which, according to Allstate, requires the owner of a motor vehicle to provide the coverage required by the Law. See Haw.Rev.Stat. § 431:10C-104. The district court determined that Douglas had other insurance available and granted summary judgment in favor of Alamo.
 
 No. 96-15655
 
 5
 Michael E. Kaneshiro was also involved in an accident while driving an automobile he had rented from Alamo. The driver of the other car sued him for personal injury in Hawaii state court. Kaneshiro tendered the defense of the action to Alamo and Alamo's insurer, Continental. They refused to defend. Kaneshiro then filed this action. Here, too, Alamo relies on a similar Shifting Clause:
 
 
 6
 If there is no other valid and collectible insurance, whether primary, excess, or contingent, available to the renter ... then Alamo's vehicle liability policy shall pay damages not to exceed minimum limits required by applicable state law. This amends the "liability insurance" paragraph on the reverse side; all other terms not in conflict with the above remain in effect.[1]
 
 
 7
 Kaneshiro, likewise, contends, inter alia, that this Shifting Clause violates Hawaii's No-Fault Law. The district court granted summary judgment in favor of Alamo and Continental. Kaneshiro v. Alamo Rent-A-Car, Inc., 906 F.Supp. 554 (D.Haw.1995), 909 F.Supp. 752 (D.Haw.1996).
 
 DISCUSSION
 
 8
 Hawaii's No-Fault Law sets a "baseline, minimum level of automobile liability insurance protection" and attempts to assure that "every car on the road [has] the basic minimal no-fault coverage." Pacific Int'l Servs. Corp v. Hurip, 76 Hawai'i 209, 873 P.2d 88, 96 (1994). To this end, the statute provides:
 
 
 9
 Every owner of a motor vehicle ... shall obtain a no-fault policy upon such vehicle which provides the coverage required by this article and shall maintain the no-fault policy at all times....
 
 
 10
 Haw.Rev.Stat. § 431:10C-104(b). That insurance must cover not only the owner, but also "any operator using the motor vehicle with the express or implied permission of the named insured." Haw.Rev.Stat. § 431:10C-301(a)(2). The unresolved issue is whether Alamo's Shifting Clause violates these provisions of the No-Fault Law. The Hawaii Supreme Court has not spoken on the issue. Nor is there unanimity among other jurisdictions which have addressed the issue. Compare Hertz Corp. v. State Farm Mut. Ins. Co., 1998 WL 30419 (Minn.1998) (burden shifting not legal); State Farm Mut. Auto. Ins. Co. v. Enterprise Leasing Co., 452 Mich. 25, 549 N.W.2d 345 (1996) (same); State Farm Mut. Auto. Ins. Co. v. Clarendon Nat'l Ins. Co., 604 A.2d 384 (Del.1992) (burden shifting inconsistent with policy underlying no-fault statute); with Kattoura v. Patel, 262 N.J.Super. 34, 619 A.2d 1031 (1993) (burden shifting legal); Irvin v. Rhodes, 929 S.W.2d 829 (Mo.App.1996) (same).
 
 
 11
 "We do not think it is appropriate to substitute our judgment on the interpretation of a Hawaii statute for the judgment of the Hawaii Supreme Court." Smith v. Cutter Biological, Inc., 911 F.2d 374, 375 (9th Cir.1990). Accordingly, we certify the following question to the Hawaii Supreme Court, pursuant to its discretionary authority under Hawaii Rule of Appellate Procedure 13:
 
 
 12
 Can the owner of a motor vehicle, who is in the business of renting its motor vehicles to others, fulfill its minimum liability coverage obligation under the No-Fault Law by providing in its rental agreements that any liability insurance available to the renter is primary and that the owner's own liability insurance is secondary?
 
 
 13
 We note that "[o]ur phrasing of the question[ ] should not restrict the court's consideration of the problems and issues involved. 'The court may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties.' " Id. at 376 (quoting Toner v. Lederle Lab., 779 F.2d 1429, 1433 (9th Cir.1986)). If the Hawaii Supreme Court declines to accept certification, for any reason, we will, of course, "resolve the issues according to our understanding of Hawaii law." Id.
 
 
 14
 The Clerk shall forthwith transmit a certified copy of this Order to the Clerk of the Hawaii Supreme Court. Haw. R.App. P. 13. The parties shall notify the Clerk of this court within one week after the Hawaii Supreme Court accepts or rejects certification and within one week after that court issues its opinion. The panel retains jurisdiction over any further proceedings in this court.
 
 
 
 *
 No. 96-15506 was submitted without oral argument, the panel having unanimously found the case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 The panel assigned to these cases, as originally constituted, included Judge Norris. However, Judge Norris resigned before the cases were resubmitted for decision and Judge Trott has been drawn in his place. Judge Trott has been furnished with copies of all of the briefs and the records, as well as an audiotape of the oral argument in No. 96-15655
 
 
 [1]
 The "liability insurance" paragraph on the reverse side of the rental agreement stated:
 You [Alamo] provide me [the renter] with liability insurance or protection that will cover bodily injury, death, or property damage only up to the minimum financial responsibility required by state law. I agree that any amounts over this minimum shall be covered by me or my liability policy and I will indemnify you for any losses that exceed the minimum limits. I can see a copy of your policy or self-insurance certificate at your rental office. ALL TERMS AND CONDITIONS OF THE P0LICY ARE INCORPORATED INTO THIS AGREEMENT.