CNA INSURANCE COMPANY v COOLEY

Docket No. 94711. Submitted July 29, 1987, at Grand Rapids. Decided
October 20, 1987.

Les Irwin lent his front end loader tractor to Eldon L. Cooley,
who drove the tractor to the premises of Merl's Towing Service,
Inc. Once there, Cooley demanded the return of his motorcycle
which was in the possession of Merl's Towing. Upset with
Merl's refusal to release the motorcycle unless he paid for
towing and storage fees owed, Cooley drove the tractor into the
building, fence and vehicles stored on the premises of Merl's
Towing. CNA Insurance Company, Merl's insurer, expended
$24,000 to repair the resulting damage and, as subrogee of
Merl's Towing, brought an action in Kent Circuit Court against
Cooley and Irwin. Plaintiff alleged negligence and intentional
tortious conduct against Cooley, and negligent entrustment and
vehicle owner statutory liability against Irwin. The trial court,
George R. Cook, J., entered a default judgment against Cooley
and granted summary judgment against Irwin, ruling that no
material factual issues existed and plaintiff was entitled to
judgment as a matter of law on both its claims against Irwin.
On appeal, the Court of Appeals remanded the case for a
clarification by the trial court of its order for summary judg-
ment. After remand, the Court of Appeals, in an unpublished
opinion per curiam, decided December 12, 1985 (Docket No.
69029), held that under the facts then presented Irwin could
not be held liable under either claim since the Court of Appeals
could not conclude that Irwin knew or should have known that
Cooley would use the tractor in the manner he did and the
statute regarding a motor vehicle owner's liability only applies
in cases involving negligence, not intentional conduct. On

REFERENCES

Am Jur 2d, Appeal and Error §§ 744 et seq.
Am Jur 2d, Automobiles and Highway Traffic §§ 641 et seq.
Am Jur 2d, Negligence §§ 274 et seq.
Negligent entrustment of motor vehicle to unlicensed driver. 55
ALR4th 1100.
Liability based on entrusting automobile to one who is intoxicated
or known to be excessive user of intoxicants. 19 ALR3d 1175.

remand, the trial court granted summary disposition in favor of Irwin. Plaintiff CNA Insurance appealed.

The Court of Appeals *held:*

1. A genuine issue of material fact regarding whether Irwin knew or should have known that Cooley would use the front end loader in the manner he did was raised by plaintiff's contention that Irwin was aware of Cooley's state of intoxication, his lack of capability to drive the tractor, and his intended use of the vehicle. The grant of summary disposition of plaintiff's negligent entrustment claim was therefore in error.

2. The doctrine of law of the case bars reconsideration of the Court of Appeals determination that the statute regarding the liability of a motor vehicle owner does not apply in this case.

Reversed and remanded for trial.

1. NEGLIGENCE — NEGLIGENT ENTRUSTMENT.

The theory of negligent entrustment provides that one who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely, because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use is subject to liability for physical harm resulting to them; a plaintiff, to prove negligent entrustment, must show either that defendant knew the entrustee was not to be entrusted or that defendant had special knowledge of the entrustee which would put defendant on notice.

2. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same.

*Smith, Haughey, Rice & Roegge* (by *Jon D. VanderPloeg*), for plaintiff.

*Nelson & Krueger, P.C.* (by *Steven L. Krueger*), for defendant Les Irwin.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant Les Irwin.

This case is before us after second remand. The pertinent facts were stated in *CNA Ins Co v Cooley (After Remand),* unpublished opinion per curiam of the Court of Appeals, decided December 12, 1985 (Docket No. 69029):

> Defendant Irwin is the owner of a front end loader, a type of construction tractor, which he lent to defendant Eldon Leroy Cooley, who is not a party to this appeal. Cooley drove the vehicle to Merl's Towing Service, which had possession of a motorcycle owned by Cooley and planned to sell the motorcycle at an auction unless Cooley paid towing and storage charges. When Cooley arrived at Merl's Towing Service, he demanded the return of his motorcycle, and upon refusal, proceeded to drive the front end loader into the building, fence, and other vehicles stored there. The $24,000 worth of damages incurred by Merl's was paid by its insurer, plaintiff CNA, which then brought suit as subrogee against defendant Irwin and defendant Cooley.
>
> Plaintiff CNA's complaint alleged counts of negligence and intentional tortious conduct against defendant Cooley, and counts of negligent entrustment and vehicle owner statutory liability against defendant Irwin. A default judgment was entered against defendant Cooley. Plaintiff CNA then moved for summary judgment under GCR 1963, 117.2(3) on its vehicle owner statutory count, based on MCL 257.401; MSA 9.2101, against defendant Irwin. This motion was granted, and defendant Irwin's subsequent motion to set aside the summary judgment order was denied.

In response to our request for a clarification of its order of summary judgment, the trial court offered the following:

1. We granted summary judgment under the vehicle owner's liability statute and
2. under the theory of negligent entrustment.
We therefore affirm our grant of summary judgment.

Upon reconsideration, this Court concluded that the order of summary judgment could not stand under either theory. Regarding the negligent entrustment theory, this Court said that it could not conclude as a matter of law from the facts presented that Irwin knew or should have known that Cooley would use the tractor to ram a gas station. Thus, summary judgment under GCR 1963, 117.2(3) could not be justified on the negligent entrustment theory.

In addition, this Court also found that the owner's liability statute, MCL 257.401; MSA 9.2101, did not support the trial court's ruling since the statute governs negligent conduct. The actions of Cooley could not reasonably be described as negligent. Rather, his actions most clearly constituted an intentional act. This Court then remanded the case to the lower court for proceedings not inconsistent with its opinion.

On February 6, 1986, this Court denied plaintiff's motion for rehearing. Thereafter, on May 16, 1986, defendant Irwin moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). In an August 7, 1986, order, the trial court granted defendant Irwin summary disposition.

Plaintiff raises two issues on appeal. First, CNA argues that the trial court erred by granting Irwin summary disposition on the issue of negligent entrustment. Secondly, CNA contends that Irwin was not entitled to summary disposition under the motor vehicle owner's liability statute, MCL 257.401; MSA 9.2101.

A motion based on GCR 1963, 117.2(3), now MCR 2.116(C)(10), is designed to test the factual support for a claim or defense. The court must consider the pleadings, affidavits and other available evidence and be satisfied that the claim or position asserted cannot be supported by the evidence at trial because of some deficiency which cannot be overcome. The court must give the benefit of every reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Lloyd v Avadenka,* 158 Mich App 623, 626; 405 NW2d 141 (1987).

In *Muscat v Khalil,* 150 Mich App 114, 121; 388 NW2d 267 (1986), this Court summarized the law on negligent entrustment:

> Michigan courts have adopted the following definition of the theory from 2 Restatement Torts, 2d, § [390]:
>
> " 'One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.' " *Moning v Alfono,* 400 Mich 425, 443-444; 254 NW2d 759 (1977).
>
> As a result of further refinement of the applicable standard of care in *Fredericks v General Motors Corp,* 411 Mich 712; 311 NW2d 725 (1981), it is now clear that, in order to prove negligent entrustment, "plaintiffs must show either that defendant knew the entrustee was not to be entrusted or that defendant 'had special knowledge of [the entrustee] which would put defendant on notice.' " *Buschlen v Ford Motor Co (On Remand),* 121 Mich App 113, 117; 328 NW2d 592 (1982), aff'd 421 Mich 192; 364 NW2d 619 (1984), quoting *Fredericks, supra,* p 720.

Plaintiff contends that Irwin was aware of Cooley's state of intoxication, his lack of capability to drive the loaned equipment, and his intended use of the vehicle. Giving the benefit of every reasonable doubt to and drawing inferences in favor of plaintiff, the party opposing the motion, we conclude that there is a genuine issue of material fact regarding whether Irwin knew or should have known that Cooley would use the front end loader in the manner he did. Thus, we reverse and remand for trial.

As to plaintiff's second ground for error, we find no merit to this claim. This Court already determined in *CNA Ins Co v Cooley (After Remand)*, that Cooley's conduct was intentional and the statute solely applied to negligent conduct. This Court may not reconsider this legal question due to the doctrine of law of the case. In *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981), reh den 411 Mich 1119 (1981), the Supreme Court described the effect of this doctrine as follows:

> As generally stated, the doctrine is that if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.

Because this legal question was already decided, and because plaintiff did not show any new facts in this case, the prior determination stands.

Reversed and remanded.