ENTERPRISE LEASING COMPANY OF DETROIT v SAKO

Docket No. 204019. Submitted December 1, 1998, at Detroit. Decided December 29, 1998, at 9:35 A.M. Leave to appeal sought.

Enterprise Leasing Company of Detroit, a self-insured under the no-fault act, and its excess insurer, Travelers Insurance Company, brought an action in the Oakland Circuit Court against Majid Sako, who rented a vehicle from Enterprise, and State Farm Mutual Automobile Insurance Company, Sako's insurer, seeking a declaration that State Farm was obligated to indemnify Enterprise and provide primary coverage for settling three lawsuits brought against Sako arising from his involvement in an automobile accident with the rented vehicle while his personal vehicle was being repaired. The rental agreement required that primary residual coverage was to be provided by the renter's insurer. The court, John N. O'Brien, J., granted summary disposition for Enterprise with regard to both Sako and State Farm. The Court of Appeals, REILLY, P.J., and CORRIGAN and R. J. JASON, JJ., affirmed with regard to State Farm, reversed with regard to Sako, and remanded the matter to the trial court. *Enterprise Leasing Co v Sako*, 207 Mich App 422 (1994). State Farm appealed, and the Supreme Court affirmed in part, reversed in part, and remanded the matter to the trial court. *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25 (1996). On remand, the trial court, John J. McDonald, J., granted summary disposition for the defendants, finding that Enterprise could not limit the amount of its liability and rejecting Enterprise's indemnity claim against Sako. Enterprise and Travelers appealed.

The Court of Appeals *held*:

1. State Farm's policy provided coverage for Sako for use of a temporary substitute automobile, but the coverage was specifically restricted to being excess coverage, not primary coverage.

2. A self-insured's liability is not limited to the minimum coverage requirements of the no-fault and financial responsibility acts. A self-insured's liability extends to the full value of its assets. Enterprise is liable for the full amount of the settlement. Because State Farm's coverage was excess to any other insurance, and because Enterprise's self-insurance was not limited to the statutory mini-

mum, State Farm is not directly liable for any portion of the settlement.

3. The plaintiffs abandoned their claim that Sako is liable for any portion of the settlement under an indemnification claim.

Affirmed.

INSURANCE — SELF-INSUREDS — NO-FAULT INSURANCE — FINANCIAL RESPONSIBILITY ACT.

A certificate of self-insurance issued by the Secretary of State is the functional equivalent of a commercial policy of insurance with respect to the no-fault act and the financial responsibility act; a self-insured's liability is not limited to the minimum coverage requirements of the acts and extends to the full extent of the self-insured's assets (MCL 257.520[b], 500.3009; MSA 9.2220[b], 24.13009).

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Hans H. J. Pijls*), for the plaintiffs.

*Eggenberger, Eggenberger, McKinney, Weber & Hofmeister, P.C.* (by *Paul D. Hofmeister*), for Majid Sako.

*Draugelis & Ashton, L.L.P.* (by *John A. Ashton*), for State Farm Mutual Automobile Insurance Company.

Before: DOCTOROFF, P.J., and SAWYER and FITZGERALD, JJ.

SAWYER, J. This matter is again before us, following a remand to the trial court by the Supreme Court. We addressed this case in *Enterprise Leasing Co v Sako*, 207 Mich App 422; 526 NW2d 21 (1994), and the Supreme Court reviewed this case as a companion case to *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25; 549 NW2d 345 (1996).

The facts of this case are set out in those prior opinions. Briefly, defendant Majid Sako rented an automobile from plaintiff Enterprise Leasing Com-

pany of Detroit and became involved in an automobile accident. Defendant State Farm Mutual Automobile Insurance Company is Sako's no-fault automobile insurance carrier, while Enterprise is self-insured, with plaintiff Travelers Insurance Company being Enterprise's excess carrier for claims over $500,000. As a result of the accident, lawsuits were brought against Enterprise. Those suits were settled by Enterprise and Travelers for $593,321.79 and they commenced this action against Sako and State Farm, seeking both indemnification and primary coverage by State Farm.

Following the remand by the Supreme Court, the trial court granted summary disposition in favor of defendants, concluding that Enterprise could not limit the amount of its liability and also rejecting Enterprise's indemnity claim against Sako. It is those rulings that are now before this Court.

We first consider whether State Farm is directly liable for payment of a portion of the judgment. In the State Farm policy, State Farm provided coverage for Sako for use of a temporary substitute automobile. That coverage, however, was specifically restricted to being excess coverage and not primary coverage. At issue is the amount at which State Farm's excess coverage becomes applicable.

Plaintiffs argue that, because the financial responsibility act only requires insurance with minimum limits of $20,000/$40,000, Enterprise was responsible as a self-insurer only for the first $40,000 of claims by the multiple plaintiffs in the underlying action and that anything over $40,000 is excess and, therefore, State Farm's excess coverage becomes applicable at that point. In other words, Enterprise would be liable for

the first $40,000 as a self-insurer, State Farm would be responsible for the next $50,000 (the policy limits) as the excess carrier, and then Enterprise would be liable in tort for the amounts over $90,000 as the owner of the vehicle, subject to its indemnity claim against Sako and, of course, the coverage by Travelers for amounts over $500,000. We do not agree with plaintiffs' argument.

Plaintiffs' argument is based on the premise that a self-insurer's responsibility is limited to the minimum coverage required by law, or $20,000 for each person and $40,000 for each occurrence. We disagree. In Michigan, a certificate of self-insurance issued by the Secretary of State is the functional equivalent of a commercial policy of insurance with respect to the no-fault act, MCL 500.3009; MSA 24.13009, and the financial responsibility act, MCL 257.520(b); MSA 9.2220(b). *Allstate Ins Co v Elassal*, 203 Mich App 548, 554; 512 NW2d 856 (1994). When a company applies for self-insured status, that company represents that it is able and will continue to be able to satisfy judgments obtained against it. MCL 257.531; MSA 9.2231. There is nothing in the financial responsibility statute that limits the self-insured's liability to the minimum coverage requirements of the no-fault or financial responsibility acts. A self-insured's liability extends to the full value of its assets. A company that prefers to avoid unlimited risk has the option of purchasing a commercial insurance policy.[1]

We are convinced that, when a car rental company enjoys the advantages of self-insurance, it cannot

[1] We note that, after the accident involved in the case at bar, the owner liability statute was amended to limit the liability of a vehicle lessor. MCL 257.401; MSA 9.2101.

attempt to limit its risks by asserting that its responsibility is limited to the minimum coverage requirements of the no-fault or financial responsibility acts. Consequently, Enterprise is liable for the full amount of the settlement. Moreover, because State Farm's coverage was excess to any other insurance, and because Enterprise's self-insurance was not limited to the statutory minimum, State Farm is not directly liable for any portion of the settlement.[2]

We now turn to the second issue raised, namely, whether Sako is liable for any portion of the settlement under an indemnification claim. However, in light of our resolution of the first issue, and a concession made by plaintiffs in their brief on the second issue, the indemnification issue may now be deemed abandoned. In their brief on appeal, plaintiffs, in footnote 12, concede that indemnity does not apply to the first $40,000 because the Supreme Court's decision in this case makes Enterprise first in priority with respect to the amount of primary residual liability coverage. However, as resolved in the first issue, the limit of Enterprise's primary liability is not $40,000 as Enterprise argues, but is the full value of their assets. Therefore, the import of plaintiffs' concession is that indemnity does not apply to that higher amount of primary liability, i.e., the full value of Enterprise's assets. Accordingly, in light of this discussion, we decline to address the merits of the indemnity issue.

Affirmed. Defendants may tax costs.

---

[2] We are assuming that Enterprise is sufficiently solvent to pay the settlement in this case. Because we hold that, as a self-insurer, Enterprise is liable to the full value of its assets, that in essence represents the "policy limits" of its self-insurance. Therefore, State Farm's excess coverage would be excess to that amount. Accordingly, if Enterprise were insolvent, State Farm's coverage would apply to the amount above which Enterprise was able to pay.