TRAVELERS INSURANCE v U-HAUL OF MICHIGAN, INC

Docket No. 194316. Submitted November 18, 1998, at Lansing. Decided
April 16, 1999, at 9:05 A.M.

Travelers Insurance, as subrogee of Pine Knob Wine Shop, brought an
action in the Oakland Circuit Court against U-Haul of Michigan,
Inc., U-Haul International, Inc., and Ben P. Nouri, alleging negli-
gence and negligent entrustment of a motor vehicle by the U-Haul
defendants to Nouri, who had damaged the shop's awning when he
struck it while driving a truck he rented from U-Haul. The U-Haul
defendants moved for summary disposition, arguing that the action
was barred by the no-fault automobile insurance act, MCL 500.3101
et seq.; MSA 24.13101 et seq. The U-Haul defendants also sought
costs and attorney fees as sanctions for a frivolous action, MCR
2.625; MCL 600.2591; MSA 27A.2591. In response, the plaintiff
argued that the U-Haul defendants could be held liable under the
owner's liability act, MCL 257.401; MSA 9.2101, for Nouri's negligent
operation of the truck and that the common-law claim of negligent
entrustment remains viable. The court, Gene Schnelz, J., denied the
motion for summary disposition. The U-Haul defendants, reserving
their right to appeal the denial of summary disposition and sanc-
tions, consented to the entry of a judgment for the plaintiff. The
U-Haul defendants appealed.

The Court of Appeals held:

1. The owner's liability act provides that the owner of a motor
vehicle is liable for any injury to person or property occasioned by
the negligent operation of a motor vehicle by a person driving the
motor vehicle with the owner's consent. Section 3135 of the no-
fault act, MCL 500.3135; MSA 24.13135, provides that, notwithstand-
ing any other provision of law, tort liability arising from the owner-
ship, maintenance, or use within the state of a motor vehicle cov-
ered by no-fault insurance is abolished except with respect to
intentionally caused harm to persons or property and damages for
noneconomic loss for death, serious impairment of body function,
or permanent serious disfigurement. The statutes conflict to the
extent that liability under the owner's liability act is broader than
the residual tort liability allowed by the no-fault act. This conflict

must be resolved in favor of the no-fault act because it is more recent and more specific than the owner's liability act.

2. An action based on allegations that the defendant negligently entrusted an automobile to an unfit operator is an action arising from the use of a motor vehicle. Such an action is barred by the no-fault act unless the asserted liability falls within the residual tort liability allowed by the no-fault act.

3. Sanctions for a frivolous action are not in order because it cannot be concluded that the plaintiff's position was devoid of arguable legal merit.

Reversed and remanded for entry of judgment for the U-Haul defendants.

1. AUTOMOBILES–OWNER'S LIABILITY ACT — NO-FAULT ACT — TORT LIABILITY.

The owner's liability act conflicts with the no-fault act to the extent that it allows liability by a motor vehicle owner for injury to person or property broader than that allowed by the no-fault act; because the no-fault act is the more recently enacted and the more specific of the two, it controls (MCL 257.401, 500.3135; MSA 9.2101, 24.13135).

2. AUTOMOBILES — NEGLIGENT ENTRUSTMENT — NO-FAULT ACT.

An action based on allegations that the defendant negligently entrusted an automobile to an unfit operator is an action arising from the use of a motor vehicle; such an action is barred by the no-fault act unless the asserted liability falls within the residual tort liability allowed by the no-fault act (MCL 500.3135; MSA 24.13135).

*Christopher Royce*, for Travelers Insurance.

*Galbraith & Booms* (by *Laura A. Phillips*), for U-Haul of Michigan, Inc., and U-Haul International, Inc.

Before: SAAD, P.J., and KELLY and BANDSTRA, JJ.

SAAD, P.J. Defendants appeal as of right the trial court's order denying their motion for summary disposition under MCR 2.116(C)(8). Defendants also seek an award of costs under MCR 2.625 and MCL

600.2591; MSA 27A.2591. We reverse the denial of defendants' summary disposition motion, but affirm the denial of sanctions.

I

NATURE OF CASE

In this appeal, we are asked to reconcile the seemingly contradictory mandates of two statutory schemes: the owner's liability act, MCL 257.401; MSA 9.2101, and the tort liability provision of the no-fault insurance act, MCL 500.3135; MSA 24.13135. The former, enacted in 1949 and amended several times, provides a cause of action against owners of motor vehicles arising from the negligent operation of those vehicles by authorized users. The no-fault act, which became effective in October 1973, abrogates tort liability arising from the use, ownership, or maintenance of motor vehicles except under specified circumstances. Here, plaintiff asserts that the owner's liability act preserves its right to sue defendants in tort for property damage caused by the individual who operated their rental truck. In response, defendants argue that such liability has been abrogated by the no-fault act. Oddly, although the no-fault act became effective more than a quarter of a century ago, there is no published opinion addressing the viability of tort claims for *property* damages in the no-fault era.

Considering the plain language of both statutes, and the policies behind them, we conclude that the no-fault act's abrogation of most tort liability arising from motor vehicle incidents limits the availability of relief under the owner's liability statute. Actions under the owner's liability statute are permissible

only if not barred by the no-fault act. We apply this same restriction to actions under the common-law theory of negligent entrustment. To conclude otherwise would substantially undermine the no-fault act and its comprehensive scheme of compensation for accident victims.

II

FACTS AND PROCEEDINGS

On June 13, 1993, defendant Ben P. Nouri rented a box truck from defendant U-Haul of Michigan, Inc., a Michigan franchisee of defendant U-Haul International, Inc.[1] The truck was insured by Republic Western Insurance Company. Nouri drove the truck to the Pine Knob Wine Shop in Clarkston. While Nouri was maneuvering the truck in the shop's parking lot, the front passenger-side corner of the truck hit and damaged the shop's awning. Plaintiff, the wine shop's insurer, adjusted the loss and paid $10,112 for the property damage.

Plaintiff filed this action as subrogee of the wine shop on May 18, 1995.[2] The complaint listed five counts: a negligence count against Nouri and counts of negligence and negligent entrustment against each U-Haul defendant. Plaintiff alleged that Nouri's negligent operation of the U-Haul truck was the proximate

---

[1] All facts alleged in plaintiff's complaint are to be taken as true pursuant to the consent judgment entered by the court.

[2] As the insured wine shop's subrogee, plaintiff stands in the insured's shoes and assumes all legal rights of the insured. *Allstate Ins Co v Snarski,* 174 Mich App 148, 155; 435 NW2d 408 (1988), quoting *Federal Kemper Ins Co v Western Ins Cos,* 97 Mich App 204, 208; 293 NW2d 765 (1980). Consequently, it makes no difference to our analysis that this action is brought by the insurer/subrogee instead of the insured.

cause of the damage to the wine shop. The negligence counts against the two U-Haul defendants alleged that they were negligent in renting a truck with obstructed visibility. The two common-law negligent entrustment claims were based on allegations that U-Haul was negligent in renting the truck to Nouri, who had been involved in a prior accident with a vehicle he had rented from U-Haul.

In a summary disposition motion under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted), the U-Haul defendants argued that plaintiff's action was barred by Michigan's no-fault automobile insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Defendants also claimed that plaintiff's complaint was frivolous and sought costs and attorney's fees under MCR 2.625 and MCL 600.2591; MSA 27A.2591.[3] In response, plaintiff argued that under the owners liability provision of Michigan's civil liability act, MCL 257.401; MSA 9.2101, the U-Haul defendants could be held liable as owners of the motor vehicle for Nouri's negligent operation. Plaintiff also argued that negligent entrustment remained a viable cause of action.

At the motion hearing, the trial court agreed with plaintiff that under MCL 257.401; MSA 9.2101, negligent entrustment continues to be a viable cause of action and denied defendants' motion. Defendants noted that the court's ruling did not differentiate between negligence in general and negligent entrustment. In response, the court stated that defendants' motion sounded only in negligent entrustment and failed to specifically address the owner's liability act

---

[3] On appeal, defendants seek an award of costs only.

or the ordinary negligence counts. The Court denied defendants' motion for summary disposition.

On March 23, 1996, the court entered an order based on the parties' stipulation to dismiss with prejudice defendant Ben P. Nouri. That same day, the court entered a consent judgment against defendants, jointly and severally, in the amount of $10,112. The consent judgment provided that the parties accepted as true the factual allegations in plaintiff's complaint, and reserved defendants' right to appeal the denial of the summary disposition motion.[4] We now consider that appeal.

III

ANALYSIS

A

DEFENDANTS' APPEAL OF THE ORDER DENYING THEIR MOTION
FOR SUMMARY DISPOSITION

Defendants moved for summary disposition under MCR 2.116(C)(8), which tests the legal sufficiency of a claim on the basis of the pleadings alone. *LaRose Market, Inc v Sylvan Center, Inc*, 209 Mich App 201, 204-205; 530 NW2d 505 (1995). If the claim is so

---

[4] This appeal is before us on remand by the Michigan Supreme Court. Initially, defendants' claim of appeal was dismissed for lack of jurisdiction on the finding that the consent judgment was not appealable as of right. The Supreme Court, acting on defendants' application for leave to appeal, remanded the case to this Court with instruction to allow defendants to file a claim of appeal. The Supreme Court noted that this Court "has previously recognized that an appeal of right is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling" in *Vanderveen's Importing Co v Keramische Industries M deWit*, 199 Mich App 359; 500 NW2d 779 (1993). *Travelers Ins v Nouri*, 456 Mich 937 (1998).

clearly unenforceable as a matter of law that no factual development could justify recovery, the motion should be granted. *Holland v Liedel*, 197 Mich App 60, 63-64; 494 NW2d 772 (1992).

1

### THE NO-FAULT AND OWNER'S LIABILITY ACTS

The interpretation and application of court rules and statutes presents a question of law that is reviewed de novo. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998); *Szymanski v Brown*, 221 Mich App 423, 433; 562 NW2d 212 (1997). It is well established that the primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *In re Messer Trust*, 457 Mich 371, 379-380; 579 NW2d 73 (1998). When statutory language is clear and unambiguous we must honor the legislative intent as clearly expressed in that statute. *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 538; 565 NW2d 828 (1997). Because further construction is not required, none is permitted. *Id.* When construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render the statute, or any part of it, surplusage or nugatory. *Id.*, 541-542. Statutes should be construed so as to prevent absurd results, injustice, or prejudice to the public interest. *McAuley, supra* at 518.

As a rule of statutory construction, statutes that relate to the same subject or that share a common purpose are in pari materia and must be read together as one, even if they contain no reference to one another and were enacted on different dates. *In re*

*Parole of Glover*, 226 Mich App 655, 661; 575 NW2d 772 (1997), lv gtd 458 Mich 866 (1998). The purpose of the "in pari materia" rule is to effectuate the purpose of the Legislature as evinced by the harmonious statutes on a subject. *Id.* If the Court can construe the two statutes so that they do not conflict, that construction should control. *Id.* However, the rules of statutory construction also provide that a more recently enacted law has precedence over the older statute. *Malcolm v East Detroit*, 437 Mich 132, 139; 468 NW2d 479 (1991). This rule is particularly persuasive when one statute is both the more specific and the more recent. *Nat'l Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541, 549; 563 NW2d 65 (1997).

Now, we apply these rules of interpretation to the owner's liability act and the no-fault act. Before its most recent amendment, the owner's liability act, MCL 257.401; MSA 9.2101,[5] provided:

> (1) Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his or her agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure

---

[5] Michigan statutory law has imposed liability on motor vehicle owners for the negligent operation of their vehicles since 1929. 1929 CL 4648. Section 401 of the owner's liability act has been in existence since 1949. *Mull v Equitable Life Assurance Society*, 444 Mich 508, 521; 510 NW2d 184 (1994). The statute has been amended several times since its enactment, most recently in 1995 after initiation of this lawsuit. The amendments primarily concern liability for lessors and lessees of motor vehicles and do not touch on the issue presented in this appeal.

to observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires.

The provision further states that the owner is liable only for the consensual use of the vehicle, and it creates a rebuttable presumption of consent when the vehicle is operated by certain family members. The Supreme Court has stated that, "by statute, the owner of a motor vehicle is liable for its negligent operation if it is being driven with the owner's permission, MCL 257.401(1); MSA 9.2101(1)." *Clevenger v Allstate Ins Co*, 443 Mich 646, 657; 505 NW2d 553 (1993). To subject an owner to liability under the statute, a plaintiff need only show that the defendant was the owner of the vehicle and that it was being driven with the defendant's knowledge or consent. *North v Kolomyjec*, 199 Mich App 724, 726-727; 502 NW2d 765 (1993).

At the time of the accident, the no-fault act, MCL 500.3135; MSA 24.13135, read, in part, as follows:

(1) A person remains subject to tort liability for *noneconomic* loss caused by his or her ownership, maintenance, or use of a motor vehicle *only if* the injured person has suffered *death, serious impairment of body function, or permanent serious disfigurement.*

(2) Notwithstanding any other provision of law, tort liability arising from the *ownership*, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished except as to:

(a) Intentionally caused harm to persons or property. . . .

(b) Damages for noneconomic loss as provided and limited in subsection (1). [Emphasis added.][6]

Under this statute, a no-fault insured, like defendant Nouri, who causes economic damages is not personally liable to the injured party.[7] *Matti Awdish, Inc v Williams*, 117 Mich App 270, 277; 323 NW2d 666 (1982). The appropriate remedy for economic damages, including property damage, is a direct action against the tortfeasor's *insurer. Id.*, 275; MCL 500.3121(1); MSA 24.13121(1). Here, plaintiff failed to sue defendants' insurer within the obligatory one-year period of limitation, MCL 500.3145(2); MSA 24.13145(2), and thus sued defendants directly.

The in pari materia rule discussed above does not apply here because these statutes do not share a common purpose. The purpose of the owner's liability act is "to place the risk of damage or injury on the *owner*, the person who has ultimate control of the vehicle, as well as on the person who is in immediate control." *Haberl v Rose*, 225 Mich App 254, 259-260; 570 NW2d 664 (1997) (emphasis added). In contrast, the basic goal of Michigan's no-fault automobile insurance system is to ensure *persons injured* in motor vehicle accidents of "assured, adequate and prompt reparation" for certain economic losses. *Nelson v Transamerica Ins Services*, 441 Mich 508, 514; 495 NW2d 370 (1992); *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978); *Kitchen v State*

---

[6] None of the 1995 amendments of § 3135 have any bearing on the outcome of this case, aside from renumbering former subsection 2 to subsection 3.

[7] In its appellate brief, plaintiff alleges that defendants did not submit to the trial court proof that they are covered by no-fault insurance. Contrarily, defendants supplied this documentation in a supplemental brief.

*Farm Ins Co*, 202 Mich App 55, 58; 507 NW2d 781 (1993). The no-fault scheme meets this goal by requiring vehicle owners to obtain insurance and by obligating insurers to compensate injured parties for losses arising from motor vehicle accidents without regard to fault or negligence, MCL 500.3105(2); MSA 24.13105(2), MCL 500.3114(1); MSA 24.13114(1). *Belcher v Aetna Casualty & Surety Co*, 409 Mich 231, 240; 293 NW2d 594 (1980); *Shavers, supra*, 578-579.

As we have already observed, there is no published case addressing owner's liability act claims for property damage since the enactment of the no-fault act. However, in *Smith v Sutherland*, 93 Mich App 24; 285 NW2d 784 (1979), we held that owner's liability act claims for personal injury must satisfy the threshold requirements of § 3135. The plaintiff in *Smith* sued both the operator and the *owner* of a motor vehicle for personal injuries. She argued, inter alia, that she was not required to prove a "serious impairment of a body function" in order to recover from the *owner* because the owner's liability act was not affected by the no-fault act. *Id.*, 28. This Court disagreed:

> From the language of the [no-fault] statute we can only conclude that the standard of liability is the same for drivers and owners. The civil liability act still provides a basis for imposing liability, where none would exist in the absence of the statute, *Wieczorek v Merskin*, 308 Mich 145, 148; 13 NW2d 239 (1944), *but the standard under which liability is imposed is furnished by § 3135 of the no-fault act.* There was no error in instructing that the same standard of liability applied to both defendants. [*Id.*, 29-30 (emphasis added).]

Following *Smith* to its logical conclusion, we find that the no-fault act's abrogation of negligent property

damage claims also abrogates such actions under the owner's liability act. Analysis of the statutes and relevant case authority supports this finding.

Whereas the owner's liability act provides for the owner's liability for injury to person or property without restriction (as long as the plaintiff shows consent and negligence), the no-fault act clearly and unambiguously abrogates tort liability arising from *ownership* of a motor vehicle, except for noneconomic damages satisfying the threshold requirements. Consequently, we find that the statutes conflict to the extent that liability under the owner's statute is broader than the residual tort liability left by the no-fault act. There is simply no way to countenance the full extent of liability contemplated by the owner's statute without leaving a gaping hole in the no-fault act's scheme of replacing tort-based compensation with no-fault insurance. See *Shavers, supra,* 579.

The no-fault act is more recent than the owner's liability act, and thus takes precedence. *Malcolm, supra,* 139; *Nat'l Center for Mfg Sciences, supra,* 549. Furthermore, the no-fault act has a more specific application. Whereas the owner's liability act filled a gap in the common law by allowing recovery against the owners of motor vehicles, *Wieczorek, supra,* 148; the no-fault act replaced, to a large extent, a tort-based system of compensation with a no-fault insurance scheme. *Haberl, supra,* 259-260; *Shavers, supra,* 579. Under our rules of statutory construction, we conclude that the no-fault act "trumps" the owner's liabil-

ity act, and that actions under the latter are permissible only where allowed under § 3135.[8]

Moreover, rules of statutory construction require that we avoid interpretations that render the statute, or any part of it, surplusage or nugatory. *Western Michigan Univ, supra,* 541-542. If we were to hold that the owner's liability act preserved all actions against owners for the negligent operation of their vehicles without regard to the no-fault act's restrictions, then the no-fault act's abolition of tort liability arising from "ownership" would have little or no meaning. We would be left with the unjustified anomaly of restricting tort liability arising from the use and maintenance of a motor vehicle, but not ownership, despite the fact that all three are included in the statute.

We recognize the presumption that "if the Legislature had intended to repeal a statute or statutory provision, it would have done so explicitly." *Wayne Co Prosecutor v Dep't of Corrections,* 451 Mich 569, 576; 548 NW2d 900 (1996). We acknowledge and appreciate the Supreme Court's directive that " ' "[r]epeals by implication are not favored and will not be indulged in if there is any other reasonable construction. The intent to repeal must very clearly appear, and courts will not hold to a repeal if they can find reasonable ground to hold to the contrary." ' " *Id.,* quoting *House Speaker v State Administrative Bd,* 441 Mich 547, 562; 495 NW2d 539 (1993), quoting *Attorney General ex rel Owen v Joyce,* 233 Mich 619, 621; 207 NW 863

---

[8] See also *Buckeye Union Ins Co v Johnson,* 108 Mich App 46; 310 NW2d 268 (1981), which held that the no-fault act took precedence over the garage keepers' liability act, MCL 256.541 *et seq.*; MSA 9.1721 *et seq.*, Although not strictly on point, this case is instructive.

(1926). However, we do not deem that the owner's liability act has been implicitly repealed by the no-fault act, but rather that its scope has been limited. Actions under the owner's liability act remain viable where the plaintiff seeks noneconomic damages for personal injury rising to the requisite threshold. Our holding that the owner's liability act has been implicitly amended by the no-fault act is fully warranted for the reasons already set forth in this opinion.

In closing, we note that Justice WILLIAMS apparently anticipated this controversy—and our result—in his concurring opinion in *Advisory Opinion re Constitutionality of 1972 PA 294*, 389 Mich 441; 208 NW2d 469 (1973). Justice WILLIAMS observed that § 3135 would have the effect of amending or modifying the owner's liability act, along with other laws governing tort actions and motor vehicles. *Id.*, 508-509. He wrote:

> It is quite clear that the no-fault act does not purport to "supersede" or "repeal" all acts related to it. In fact, § 3135 attempts to preserve *certain parts of prior acts or actions.* For example, § 3135(1) and § 3135(2)(a) refer necessarily to the wrongful death and *civil liability acts in case of* "[d]amages for noneconomic loss" where the "injured person has suffered death." [*Id.*, 512 (emphasis added).]

Clearly, Justice WILLIAMS recognized that while the no-fault act did not completely abrogate the owner's liability act, it preserved it only to the extent of the residual tort liability not abolished by the no-fault act.

Nonetheless, plaintiff contends, incorrectly, that this Court and the Supreme Court have approved liability under § 401 even after the no-fault legislation became effective. Plaintiff cites *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1; 534 NW2d 467 (1995);

*Hill v GMAC*, 207 Mich App 504; 525 NW2d 905 (1994); *Enterprise Leasing Co v Sako*, 207 Mich App 422; 526 NW2d 21 (1994), aff'd in part and rev'd in part 452 Mich 25; 549 NW2d 345 (1996), (After Remand), 233 Mich App 281; 590 NW2d 617 (1998); *Worth v Dortman*, 94 Mich App 103; 288 NW2d 603 (1979). However, none of these cases stands for the proposition that the owner's liability for property damage under § 401 survives the no-fault act, nor is there any indication that this issue arose in any of these cases. *Goins* and *Hill* both involved the issue of what constituted ownership under the statute, *Worth* held that the operator's default did not equate an admission of negligence for purposes of the owner's liability, and *Enterprise Leasing* raised the issue of who was the owner's primary insurer. Moreover, these cases all involved personal injury, and none stated anything inconsistent with *Smith v Sutherland*, *supra*. Our research of the issue has not uncovered any case in which a plaintiff was permitted to proceed with an owner's liability action for an accident occurring after October 1973 where the damages were evidently not actionable in tort under § 3135.[9]

In sum, the no-fault act prevails over the owner's liability act to the extent that the latter would allow

---

[9] All of the following cases involved actions for personal injury under the owner's liability act. None of these cases reached the issue whether a plaintiff who did not satisfy the statutory threshold would be permitted to proceed with the action: *Bieszck v Avis Rent-A-Car System, Inc*, 459 Mich 9; 583 NW2d 691 (1998); *Gibbons v Caraway*, 455 Mich 314; 565 NW2d 663 (1997); *Mull*, n 5, *supra*; *Tahash v Flint Dodge Co*, 399 Mich 421; 249 NW2d 110 (1976) (but unclear when accident occurred); *Poch v Anderson*, 229 Mich App 40; 580 NW2d 456 (1998); *Haberl v Rose, supra*; *Burney v P V Holding Corp (On Remand)*, 218 Mich App 167; 553 NW2d 657 (1996); *Ringewold v Bos*, 200 Mich App 131; 503 NW2d 716 (1993); *Paul v Bogle*, 193 Mich App 479; 484 NW2d 728 (1992); *North v Kolomyjec, supra*; *Osner v Boughner*, 180 Mich App 248; 446 NW2d 873 (1989); *Harder v Harder*, 176 Mich App 589; 440 NW2d 53 (1989); *Miller v Massullo*, 172 Mich App 752; 432 NW2d 429 (1988); *DeGrove v Sanborn*, 70 Mich App 568; 246 NW2d 157 (1976). Note that in *Harder, Burney,* and *Osner* the injured person died as a result of the accident.

causes of action barred by the former. We therefore conclude that the no-fault act barred plaintiff's tort claims for property damage under the owner's liability act.

2

### NEGLIGENT ENTRUSTMENT

Defendants also argue that plaintiff's common-law negligent entrustment claim was barred by the no-fault act. We agree.

Michigan courts have adopted the following definition of the theory of negligent entrustment from 2 Restatement Torts, 2d, § 390:

> "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them. *Moning v Alfono*, 400 Mich 425, 443-444; 254 NW2d 759 (1977)." [*CNA Ins Co v Cooley*, 164 Mich App 1, 5; 416 NW2d 355 (1987), quoting *Muscat v Khalil*, 150 Mich App 114, 121; 388 NW2d 267 (1986).]

"A claim for negligent entrustment may be based on the use of a motor vehicle." *Roberts v Vaughn*, 214 Mich App 625, 631; 543 NW2d 79 (1996), rev'd on other grounds 459 Mich 282; 587 NW2d 249 (1998).

Clearly, an action based on allegations that the defendant negligently entrusted an automobile to an unfit operator is an action arising from the use of a motor vehicle. Such an action is barred by the no-fault act unless the asserted liability falls under the residual liability allowed by the no-fault act. Plaintiff

argues vigorously that the no-fault act is not relevant because negligent entrustment claims do not arise from "ownership" of a motor vehicle, but rather from the act of "entrusting." Nonetheless, such actions arise from use of a motor vehicle and are therefore precluded.

As with the owner's liability act, we are unable to find any cases allowing an action for negligent entrustment where the alleged damages would not have been permissible under § 3135.[10]

The trial court erred in denying defendants' motion for summary disposition.[11] We therefore vacate the consent order and remand for entry of judgment for defendants.

B

SANCTIONS

Defendants also claim that they are entitled to costs under MCR 2.625(A)(2), because plaintiff's action is frivolous. MCR 2.625(A)(2) provides that if the court finds that an action or defense is frivolous, it shall award costs as provided by MCL 600.2591;

---

[10] For example, in *Roberts v Vaughn*, 459 Mich 282; 587 NW2d 249 (1998), the plaintiff alleged permanent disability; in *Makuck v McMullin*, 87 Mich App 82; 273 NW2d 595 (1978), and *Hendershott v Rhein*, 61 Mich App 83; 232 NW2d 312 (1975), the negligent entrustment actions sought recovery for fatalities, and in *CNA Ins Co v Cooley*, 164 Mich App 1; 416 NW2d 355 (1987), the action was predicated on intentional damage to property.

[11] Although the trial court mistakenly believed that the no-fault act did not circumscribe owner's liability or negligent entrustment actions, it should still have recognized that plaintiff's common-law negligence claims against the U-Haul defendants (based on allegations that they negligently rented out an unsafe vehicle) were barred under no-fault. However, the trial court did not grant defendants even partial summary disposition with regard to these claims.

MSA 27A.2591. Under this statute, "costs" includes "all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." MCL 600.2591(2); MSA 27A.2591(2). An action is frivolous if it satisfies any one of the three conditions set forth in the statute, including "[t]he party's legal position was devoid of arguable legal merit." MCL 600.2591(3)(iii); MSA 27A.2591(3)(iii). Defendants argue, not without some justification, that plaintiff, itself a no-fault insurance carrier, should have known that its legal position was devoid of arguable legal merit.

Although we have determined that plaintiff's position is erroneous, we cannot conclude that it was "devoid of arguable legal merit." The no-fault act and owner's liability act have coexisted for more than twenty-five years, yet there is no published authority stating that the no-fault act has precluded actions for property damage under the owner's act. Though a close question, given the unsettled state of the law, plaintiff's attempt to proceed under the owner's act was not entirely unreasonable. We therefore deny defendants their costs.

### CONCLUSION

Because plaintiff's negligence actions against defendants were barred by the no-fault act, the trial court erroneously denied defendants' motion for summary disposition. We reverse and remand for entry of judgment for defendants, but deny costs under MCR 2.625(A)(2). We do not retain jurisdiction.